HOGAN LOVELLS US LLP
CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@hoganlovells.com
GURTEJ SINGH (Bar No. 286547)
tej.singh@hoganlovells.com
4085 Campbell Avenue, Suite 100
Menlo Park, California 94025
Telephone:    (650) 463-4000
Facsimile:    (650) 463-4199

*Attorneys for Petitioners*
Gwynn Hopkins and Gordon MacRae

**FILED**

JAN 14 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*In Re Application* of GWYNN HOPKINS and GORDON MACRAE, acting in their capacity as joint and several interim receivers of XiO Fund I LP

Petitioners

CV-20   80012 MISC   SVK

No.

**GURTEJ SINGH'S DECLARATION IN SUPPORT OF EX PARTE APPLICATION FOR DISCOVERY ORDER PURSUANT TO 28 U.S.C. § 1782 IN AID OF FOREIGN PROCEEDING**

I, Gurtej Singh, declare as follows:

1.     I am an attorney admitted to practice in the State of California and a senior associate at Hogan Lovells US LLP, counsel for Petitioners Gwynn Hopkins and Gordon MacRae (collectively, the "Receivers").

2.     I have personal knowledge of all facts stated in this declaration and, if called to testify, I could and would testify competently thereto.

3.     I submit this declaration in support of the Receivers' Ex Parte Application for Discovery Order Pursuant to 28 U.S.C. § 1782 In Aid of Foreign Proceeding. This application relates to foreign proceedings in the Cayman Islands before the Grand Court of the Cayman Islands, specifically Cause No. FSD 75 of 2019 ("the Cayman Islands Litigation").

4.     Attached hereto as Exhibit 1 is a true and correct copy of the proposed subpoena to Silicon Valley Bank.

SINGH DECLARATION IN SUPPORT OF
APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed January 13, 2020, at Menlo Park, California.

By:_____
Gurtej Singh

BY FAX

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Northern District of California

| | ) | |
|---|---|---|
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. |
| In Re Application of GWYNN HOPKINS and | ) | |
| GORDON MACRAE, acting in their capacity as joint | ) | |
| and several interim receivers of XIO Fund I LP _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Silicon Valley Bank c/o CT Corporation
                    818 Seventh St., Ste 930, Los Angeles, CA 90017

_(Name of person to whom this subpoena is directed)_

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment A

| Place: Hogan Lovells US LLP<br>          4085 Campbell Ave., Ste 100<br>          Menlo Park, CA 94025 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    *CLERK OF COURT*
                                                            OR

    _____           _____
    _Signature of Clerk or Deputy Clerk_                  _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Gwynn Hopkins and Gordon MacRae in their capacity as joint and several interim receivers ___ , who issues or requests this subpoena, are:
Gurtej Singh, 4085 Campbell Avenue, Ste 100, Menlo Park, CA 94025; tej.singh@hoganlovells.com; 650-463-4000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 5:20-mc-80012-SVK    Document 2    Filed 01/14/20    Page 5 of 16

AO 88B  (Rev.  02/14) Subpoena to Produce Docum̸    Information, or Objects or to Permit Inspection of Prem̸    ₁ a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 5:20-mc-80012-SVK    Document 2    Filed 01/14/20    Page 6 of 16

AO 88B (Rev. 02/14) Subpoena to Produce Docum Information, or Objects or to Permit Inspection of Prem 1 a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

## DEFINITIONS

The following definitions are applicable to terms employed in these Requests:

The terms "Petitioners" and "Receivers" mean Petitioners Gwynn Hopkins and Gordon MacRae, and any officer, attorney, agent, representative, employee, consultant, and all persons acting or purporting to act on behalf of any of the foregoing.

1. "Silicon Valley Bank," "SVB," "you," and "your" mean Silicon Valley Bank, and any parent, subsidiary (whether direct or indirect), affiliate, predecessor, unincorporated division, and any officer, attorney, agent, representative, employee, consultant, and all persons acting or purporting to act on behalf of any of the foregoing.

2. The term "XiO Fund" means XiO Fund I LP.

3. The term "XiO Fund Subsidiaries" means any subsidiary of the XiO Fund, including but not limited to: Charm Company Limited, Rainbow Company Limited, Laguna Netherlands Coöperatief U.A., Laguna Netherlands Parent B.V., Laguna Netherlands B.V., Laguna HoldCo Limited, Lumenis Limited, Goat Caymanco Limited, Goat Caymanco II Limited, Goat Netherlands Coöperatief U.A., Goat Netherlands B.V., XiO Fund I Jefferson Limited, Jefferson Top Holdco Limited, Jefferson Gold Holdco Limited, Lumenis Holdings Inc., and Lumenis Inc.

1

ATTACHMENT A

4.   The term "Entity" means corporation, partnership, joint venture, limited liability company, governmental authority, unincorporated organization, trust, association or other artificial entity organized by law.

5.   The term "SVB Entity" means any Entity that directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with you. The term "control" (including the terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of an Entity, whether through the ownership of voting securities, by contract or otherwise.

6.   The term "document" is defined broadly to give the full scope of that term as contemplated by Rule 34 of the Federal Rules of Civil Procedure and shall include any original (or a copy when an original is not available), each non-identical copy thereof (including those which are non-identical by reason of notations or markings), and any other written, printed, typed, punched, taped, graphic matter, or recorded or tangible thing, of whatever description, however produced or reproduced, and shall include all attachments to and enclosures with any requested item, and each draft thereof. The term "document" includes correspondence, telegrams, memoranda, communications, minutes or records of meetings and conferences, lists of persons attending meetings or conferences, summaries,

2

records of conversations, drafts, notes, notebooks, logs, invention records and disclosures, translations, drawings, graphs, charts, photographs, sound recordings, video recordings, images, data compilations, computer records or printouts, specifications, reports, opinions, agreements, forecasts, plan drawings, mask works, engineering drawings, expressions or statements of policy, consultations, brochures, pamphlets, advertisements, publications, circulars, trade letters, press releases, and drafts of any of the foregoing, whether printed, recorded, written by hand, or stored in some tangible medium of expression from which the information can be retrieved, perceived, or understood.

7.    The term "thing" shall have the broadest meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and refers to any tangible object, other than a document or media containing electronically stored information, and includes physical objects of every kind and manner, including prototypes, models, and specimens.

8.    The term "electronically stored information" or "ESI" is defined broadly to give the full scope of that term as contemplated by Rule 34 of the Federal Rules of Civil Procedure and refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically stored information shall also include information stored in any

3

ATTACHMENT A

format and on any storage media, including hard disks, floppy disks, optical disks, flash memory devices, magnetic tapes, personal digital assistants, messaging device, cellular telephones, smartphones, Blackberrys, and iPhones, whether fixed, portable, or removable. Electronically stored information shall also include word-processing documents, electronic spreadsheets, electronic presentation documents, email messages, image files, sound files, video files, and materials and information stored in a database or accessible from a database. Electronically stored information shall also include all associated metadata that is maintained or saved, including document title or name, file name, data and time of creation, data and time of last edit, identity of author, identity of owner, identities of editors, identities of recipients, changes, history of changes, email header information, history of who viewed an email and when, and email routing information. Electronically stored information shall further include correspondence, telegrams, memoranda, communications, minutes or records of meetings and conferences, lists of persons attending meetings or conferences, summaries, records of conversations, drafts, notes, notebooks, logs, invention records and disclosures, translations, drawings, graphs, charts, photographs, sound recordings, video recordings, images, data compilations, computer records or printouts, specifications, reports, opinions, agreements, forecasts, plan drawings, mask works, engineering drawings,

4

expressions or statements of policy, consultations, brochures, pamphlets, advertisements, publications, circulars, trade letters, press releases, and drafts of any of the foregoing. Unless the parties agree otherwise, all electronically stored information shall be produced in the form in which it is kept in the ordinary course of business; but if it is not reasonably useable in that form, then all software, instructions, or tools necessary to make the information reasonable useable must also be provided or identified. To the extent that identical information is available both as a document and as electronically stored information or in multiple forms of electronically stored information, you need only produce the electronically stored information in one reasonably useable form.

9.    The term "communication" means any transmission of information between persons, whether written or oral, and whether transmitted in person, electronically, via hard copy, or via any other means. "Communication" specifically includes, without limitation, memoranda, letters, e-mail, voicemail, text messages, instant messages (IM), and communications via social media platforms.

10.    The term "materials" means any document, electronically stored information, or thing as those terms are defined herein.

11.    The term "person" means any natural person or Entity.

5

ATTACHMENT A

12.    The terms "any" and "each" shall be understood to include each other and "all" whenever necessary to expand the scope of the Request. The terms "or" and "and" shall be understood to include each other whenever necessary to expand the scope of the Request. The terms "all," "every," "any," and "each" shall include one another whenever necessary to expand the scope of the Request.

13.    The terms "relating to," "relate to," and "regarding," and "concerning" shall be understood to include concerning, regarding, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing, constituting and being.

14.    The term "including" means "including, but not limited to."

ATTACHMENT A

## INSTRUCTIONS

The following instructions apply to the Requests for Production below and should be considered as part of each such Request:

1.    These Requests seek all responsive documents in your possession, custody, or control, including those documents in the possession or custody of your parent corporation or any other SVB Entity that you have the legal right or practical ability to obtain or inspect.

2.    These Requests call for the production of all documents requested below that are in your possession, custody, or control, regardless of location.

3.    These Requests should be construed in the broadest possible manner consistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.

4.    If you object to or disagree with any of the definitions set forth in these Requests for Production, or if you do not understand any term used in these Requests for Production, please explain in detail the nature of your disagreement with the definition or lack of understanding of the term.

7

ATTACHMENT A

5.    If any of the following Requests for Production cannot be responded to in full after exercising reasonable diligence to secure the information, please so state, supply the information for those portions you are able to answer, and supply whatever information you have concerning the portion which cannot be answered in full. If your response is qualified in any particular respect, set forth the details of such qualification.

6.    If you object to any subpart or portion of a Request for Production or objects to providing certain information requested, state your objection and answer the unobjectionable subpart(s) of the Request for Production and/or supply the unobjectionable information requested.

7.    No part of any Request should be ignored merely because an objection is interposed to another part of the Request. If a partial or incomplete production is provided, state that the production is partial or incomplete and explain why.

8.    If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide a privilege log including: an identification of the sender and the recipients of the document; the date of the document; a description of the contents or nature of the document; the number of the discovery request to which

8

ATTACHMENT A

the document is responsive; a statement of the basis for the asserted claim of privilege; and facts sufficient to show the basis for each claim of privilege or immunity from discovery.

9.     A plural noun shall be construed as a singular noun and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the Request all information that might otherwise be construed as outside its scope.

10.     The gender neutral form shall include the feminine or masculine form whenever necessary to bring within the scope of the Request all information that might otherwise be construed as outside its scope.

ATTACHMENT A

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Documents sufficient to show the details of all transactions involving any account with SVB belonging to the XiO Fund or any of the XiO Fund Subsidiaries occurring between August 1, 2014 and January 1, 2020, including for each transaction: the type, the date and time, the amount, the originating account, the destination account, any supporting documents in relation to the transaction, and the account signatory (or signatories) who effected the transaction.

### REQUEST FOR PRODUCTION NO. 2

Documents sufficient to show the date when any account at SVB belonging to the XiO Fund or any of the XiO Fund Subsidiaries between August 1, 2014 and January 1, 2020 was opened and, if applicable, was closed.