HOGAN LOVELLS US LLP
CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@hoganlovells.com
GURTEJ SINGH (Bar No. 286547)
tej.singh@hoganlovells.com
4085 Campbell Avenue, Suite 100
Menlo Park, California  94025
Telephone:    (650) 463-4000
Facsimile:     (650) 463-4199

*Attorneys for Petitioners*
Gwynn Hopkins and Gordon MacRae

FILED

JAN 14 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In Re Application* of GWYNN HOPKINS and GORDON MACRAE, acting in their capacity as joint and several interim receivers of XiO Fund I LP <br><br> Petitioners | No. CV-20 80012 MISC SVK <br><br> **GORDON MACRAE'S DECLARATION IN SUPPORT OF EX PARTE APPLICATION FOR DISCOVERY ORDER PURSUANT TO 28 U.S.C. § 1782 IN AID OF FOREIGN PROCEEDING** |

I, Gordon MacRae, declare as follows:

1.     I am a Managing Director at Kalo (Cayman) Limited, an advisory firm that provides restructuring and liquidation services. I am also a Chartered Accountant, a Certified Fraud Examiner, a Certified Insurance Receiver, and a Cayman Islands qualified insolvency practitioner.

2.     I have personal knowledge of all facts stated in this declaration, and if called to testify could and would testify competently thereto.

3.     I submit this declaration in support of the Receivers' Ex Parte Application for Discovery Order Pursuant to 28 U.S.C. § 1782 In Aid of Foreign Proceeding. This application relates to foreign proceedings in the Cayman Islands before the Grand Court of the Cayman Islands, specifically Cause No. FSD 75 of 2019 ("the Cayman Islands Litigation").

4.     I was appointed by the High Court of the Hong Kong Special Administrative

MACRAE DECLARATION IN SUPPORT OF
APPLICATION FOR DISCOVERY
UNDER 28 U.S.C. § 1782

Region, Court of First Instance as interim receiver over the entire assets and undertakings of the XiO Fund I LP ("the XiO Fund"), except for the shares and interests in Goat Caymanco Ltd. and Goat Caymanco II Ltd, jointly and severally with Gwynn Hopkins of Perun Consultants Limited[1].

5.    Attached hereto as Exhibit A is a true and correct copy of the April 12, 2019 Order Appointing Joint and Several Receivers Over the Assets of the 1st Defendant in Construction and Arbitration Proceedings No. 49 of 2017 before the High Court of the Hong Kong Special Administrative Region, Court of First Instance.

6.    Attached hereto as Exhibit B is a true and correct copy of the April 12, 2019 Order Appointing Joint and Several Receivers Over the Assets of the 1st Defendant in Construction and Arbitration Proceedings No. 50 of 2017 before the High Court of the Hong Kong Special Administrative Region, Court of First Instance.

7.    Attached hereto as Exhibit C is a true and correct copy of the June 27, 2019 Order Continuing the April 12, 2019 Order in Construction and Arbitration Proceedings No. 49 of 2017.

8.    Attached hereto as Exhibit D is a true and correct copy of the June 27, 2019 Order Continuing the April 12, 2019 Order in Construction and Arbitration Proceedings No. 50 of 2017.

9.    Attached hereto as Exhibit E is a true and correct copy of the December 10, 2019 Order in Construction and Arbitration Proceedings No. 50 of 2017.

10.    Attached hereto as Exhibit F is a true and correct copy of the June 7, 2019 Order in FSD 78 in the Grand Court of the Cayman Islands (Financial Division).

11.    Attached hereto as Exhibit G is a true and correct copy of the writ in the Cayman Islands Litigation.

12.    During our investigation of the XiO Fund's assets, we discovered statements from a bank account belonging to the XiO Fund at Silicon Valley Bank ("SVB").

13.    We then contacted SVB to request account transaction records for the account belonging to the XiO Fund to learn about the account and provided a copy of the orders appointing Gwynn Hopkins and me as interim receivers of the XiO Fund.

---

[1]    The exclusion from the interim receivership of the shares and interests in Goat Caymanco Ltd. and Goat Caymanco II Ltd has subsequently been qualified by the Hong Kong Court.

MACRAE DECLARATION IN SUPPORT OF
APPLICATION FOR DISCOVERY            - 2 -
UNDER 28 U.S.C. § 1782

14.    Attached hereto as Exhibit H is a true and correct copy of an email dated August 20, 2019 from Amy Wang, Relationship Advisor, Supervisor China at Silicon Valley Bank to my associate William Egan at Kalo (Cayman) Limited informing us that they would need to receive a subpoena from a California court in order to provide the requested records.

15.    The Receivers believe the requested records may provide information relevant to the Cayman Islands Litigation. In particular, the records will assist in reconstituting the books and records of the XiO Fund and its related entities, and may also assist in understanding how the plaintiff's invested funds were used by the XiO Fund and its related entities.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed 10 January 2020, at George Town, Cayman Islands.

[Date]                                    [Location]

By: _____

Gordon MacRae

BY FAX

MACRAE DECLARATION IN SUPPORT OF
APPLICATION FOR DISCOVERY                - 3 -
UNDER 28 U.S.C. § 1782

# EXHIBIT A

HCCT  49 / 2017

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CONSTRUCTION AND ARBITRATION PROCEEDINGS NO.  49 OF 2017

IN THE MATTER of Section 45(2) of the Arbitration Ordinance (Cap. 609)

and

IN THE MATTER of Section 21L of the High Court Ordinance (Cap. 4)

and

IN THE MATTER OF an arbitration case No. 23050/PTA, an Arbitration in Hong Kong

SHANGHAI LI HONG INVESTMENT CENTER LIMITED    Plaintiff

PARTNERSHIP (上海力宏投資中心)

and

XIO FUND I LP                                                                1st Defendant

LAGUNA NETHERLANDS B. V.                                      2nd Defendant

GOAT NETHERLANDS B. V.                                          3rd Defendant

## ORDER APPOINTING JOINT AND SEVERAL RECEIVERS
## OVER THE ASSETS OF THE 1ˢᵗ DEFENDANT

**IMPORTANT NOTICE TO THE DEFENDANTS**

1.    If you disobey this order you may be found guilty of contempt of Court and any of you or your directors may be fined or sent to prison or your assets may be seized.

## BEFORE DEPUTY HIGH COURT JUDGE BLAIR IN CHAMBERS
## (NOT OPEN TO PUBLIC)
## ORDER

**UPON** the Plaintiff's ex parte (on notice) application made on 1 April 2019

**AND UPON** reading (i) the Second Affirmation of Emily Bo-Yi Austin dated 1 April 2019 exhibiting the final form of the Sixth Affirmation of Zhu Gujia and its exhibits thereto and a true copy of the signed witness statement of Hadley Chilton dated 27 March 2019, (ii) the Third Affirmation of Emily Bo-Yi Austin dated 7 April 2019 exhibiting the final form of the Seventh Affirmation of Zhu Gujia and its exhibits thereto and a true copy of the signed Affidavit of Hadley Chilton dated 7 April 2019, (iii) the First Affirmation of Emily Bo-Yi Austin dated 19 March 2019 exhibiting the final form of the Fifth Affirmation of Zhu Gujia and its exhibits thereto, (iv) the Third Affirmation of Li Xiang filed on 25 May 2019 and its exhibits thereto, (v) the Fourth Affirmation of Li Xiang filed on 4 April 2019 and its exhibits thereto, (vi) the Fifth Affirmation of Li Xiang filed on 8 April 2019 and its exhibit thereto; (vii) the Fifth Affirmation of Emily Bo-Yi Austin dated 12 April 2019 and its exhibits thereto; (viii) a true copy of the Affidavit of Rebecca Hume in respect of the fitness and properness of Mr. Michael Pearson to be appointed joint and several receivers dated 18 March 2019, (ix) a true copy of the Affidavit of Rebecca Hume in respect of the fitness and properness of Mr. Andrew Childe to be appointed joint and several receivers dated 18 March 2019, (x) a true copy of the Affidavit of Rebecca Hume in respect of the fitness and properness of Mr. Hadley Chilton to be appointed joint and several receivers dated 18 March 2019; and (xi) a true copy

of the Affidavit of Ian Cargill Lambert in respect of the fitness and properness of Gordon MacRae to be appointed joint and several receivers dated 11 April 2019; (xii) a true copy of the Affidavit of Christopher John Dobby in respect of the fitness and properness of Gwynn Hopkins to be appointed joint and several receivers dated 11 April 2019

**AND UPON** hearing senior counsel for the Plaintiff and senior counsel for the 1st Defendant

**AND UPON** the Plaintiff providing the undertakings in **Schedule 1** of this Order.

**IT IS ORDERED** pursuant to the judgment and reasons given by DHCJ Blair on 12 April 2019 that:-

## APPOINTMENT OF INTERIM RECEIVERS

1.  Gwynn Hopkins of Perun Consultants Limited of 7B, Carfield Commercial Building, 75-55 Wyndham Street, Central, Hong Kong and Gordon MacRae of Kalo (Cayman) Ltd. of 10 Market Street, Camana Bay, Grand Cayman, Cayman Islands be appointed, pursuant to section 45(2) of the Arbitration Ordinance (Cap. 609) and Section 21L of the High Court Ordinance (Cap.4) in aid of the Arbitrations (as defined below), with immediate effect and without giving additional security as interim receivers jointly and severally (the "**Interim Receivers**") over the entire assets and undertakings of the 1st Defendant, XiO Fund I LP, except the shares and interests in Goat Caymanco Ltd., Goat Caymanco II Ltd. (the "**Assets**"), as an interim measure pending the determination of the Plaintiff's application by summons dated 19 March 2019 (the "**Plaintiff's Summons**") for the appointment of interim receivers pending determination of the following arbitrations (the "**Arbitrations**"):

    a.  between the Plaintiff as Claimant and Laguna Netherlands Coöperatif U.A. and the 1st Defendant as 1st and 2nd Respondents respectively in ICC Case No.23050/PTA; and

    b.  between the Plaintiff as Claimant and Goat Caymanco Ltd and the 1st Defendant as 1st and 2nd Respondents respectively in ICC Case No.23051/PTA.

**AND IT IS ORDERED** that the Interim Receivers produce to a Master evidence of their Professional Indemnity Insurance to the satisfaction of the Master within 14 days of the date of this Order

## STEPS TO BE TAKEN BY THE INTERIM RECEIVERS

2. The Interim Receivers shall take all steps that they consider necessary or desirable, including (without limitation) to:

   a. identify and secure the Assets;

   b. transfer into the individual or joint names of the Interim Receivers or any entity nominated by them any of the Assets including any shares or other rights in any other company, or the proceeds of sale or such shares or any other asset;

   c. investigate the affairs of the 1st Defendant for the purpose of discharging their duties under this Order, and in particular, for the purpose of identifying the Assets;

   d. take steps in the name of the 1st Defendant to recover the Assets.

## POWER AND AUTHORITY OF THE INTERIM RECEIVERS

3. The Interim Receivers shall have the exclusive and unfettered power to conduct the business and management of the 1st Defendant and its Assets and shall have power to do all acts and things necessary for the purpose of complying with this Order, and carrying out their functions, including (without limitation) each of the following powers, namely:

   a. to take control of all property included within the Assets including, without limitation, all bank accounts, books and records and computer servers;

   b. take such steps as the Interim Receivers consider necessary for the purpose of getting in, obtaining control and/or custody of and recovering and preserving all of the Assets, including as far as may be necessary taking such steps (including, if appropriate, the commencement of proceedings) to be recognised for such purposes in any other jurisdiction;

c.    to enter upon or take possession of the property of the 1st Defendant including, without limitation, any premises of the 1st Defendant, or any site office where the Interim Receivers have reason to believe that there are assets, property (including computer servers) or books and records of the 1st Defendant, and, if necessary by force, to change locks and open safes or other strongboxes;

d.    to ascertain, take possession of, collect, give valid receipts for and protect the Assets including, but without prejudice to the generality of the foregoing powers, to demand and receive all debts due or which may fall due to the 1st Defendant, but not to distribute or part with them save for the exercise of the powers hereunder or until further order;

e.    to ascertain and conduct investigations into the affairs of the 1st Defendant, including without prejudice to the generality of the foregoing, the power to see, review, secure, take possession of and copy all books, records, and documents belonging to the 1st Defendant, or relating to its accounts and audit of such accounts, wheresoever located, including those in the possession, custody or control of its accountants, auditors and other advisors or agents, or any other persons whether in Hong Kong or overseas or located on any remote computer servers;

f.    request any information relating to the Assets from any third party within Hong Kong as the Interim Receivers may reasonably require for the purpose of carrying out their functions, notwithstanding that the third party shall not be obliged to provide such information by virtue only of this Order;

g.    to give instructions to legal advisors and any professionals engaged in relation to any of the Assets, including the power to seek and obtain information from such solicitors and professionals as to any Asset which is subject of this Order, to supply such information obtained by them as to any Assets to the Plaintiff as they think fit for such purpose as identified in paragraph 3(m) below;

h.    to take control of and exercise all rights which the 1st Defendant may have in relation to Charm Company Limited and Rainbow Company Limited (each a "**Company**" and together, the "**Companies**") in accordance with the provisions of any relevant constitutional or related documentation of the

Company, or such shares of such Company as are owned (directly or indirectly) by the 1st Defendant, as may be necessary to obtain control or management of any such Company including, without prejudice to the generality of the foregoing, the power to call or cause to be called such meetings of the Company (in accordance with the provisions of any relevant constitutional or related documentation of the Company) as the Interim Receivers shall consider necessary to appoint or remove all or any directors and other officers and agents of any such Company and to take all such steps as the Interim Receivers thinks fit to protect the interests of the 1st Defendant therein and for the purpose of protecting the interests of the 1st Defendant therein and preserving the Assets;

i.  to exercise, in relation to the Assets, or any part thereof, all such powers, authorities and things as the Interim Receivers would be capable of exercising if they were the absolute beneficial owners of the same (excluding the power of sale save and except as permitted by the arbitral tribunal conducting the Arbitrations ("**Tribunal**")), and to use the name of the 1st Defendant, for all or any of such purposes, including but not limited to the rights to attend meetings and to exercise any votes, and to direct nominees of the 1st Defendant in its name shares or other securities beneficially owned by the 1st Defendant are registered to exercise all or any such rights as the Interim Receiver shall direct;

j.  to take steps to remove the existing directors and / or officers of any the Companies and to appoint themselves or any other persons as the directors of any of the Companies;

k.  to retain independent advisors including legal advisors and/or other professionals, whether in Hong Kong or overseas, in such disciplines as they shall consider appropriate to assist them in the conduct of their duties;

l.  by reason of the taking control of, or the exercise of all rights (arising from the 1st Defendant's holding of shares whether directly or indirectly) which they may have in relation to any Company to do or, as a shareholder cause or compel a Company to do or permit the doing of, all acts in accordance with

the provisions of any relevant constitutional documentation of such Company, and the relevant laws of the jurisdiction in which the Company is situated, which may include but are not limited to the following:-

(i)     to enter upon or take possession of the property of any Company, including without limitation, any premises or any site office of the Company where the Interim Receivers have reason to believe there are assets, property, or books of the Company, and if necessary by force, to change locks and open safes and other strongboxes;

(ii)    to ascertain, take possession of, collect, give valid receipts for, and protect the money, books, records, documents, properties, things in action, and other assets of any Company (collectively the "**Company Assets**") including, but without prejudice to the generality of the foregoing powers, to take control of all bank accounts in the name of any Company, demand and receive all debts due or which may fall due to any Company, but not to distribute or part with them save for the exercise of the powers hereunder or until further order;

(iii)   to see, review, secure, take possession of and copy all books, records, and documents of any Company, or relating to its or their accounts and audit of such documents, located at the offices of any Company, its accountants, auditors and other advisors or agents, or any other person whether in Hong Kong or overseas (the "**Persons**") provided always such Persons consent to the same; and

(iv)    to preserve the Company Assets and, so far as may be necessary, to carry on the business of any Company.

m.     to make inquiries with, and to seek assistance from, any party and/or its advisers and/or the Tribunal for the purpose of tracing and/or preserving the Assets and the Company Assets, and to share/disclose such information (save

and except legally privileged information) to any such party and/or its advisers and/or the Tribunal as may be necessary for such purpose;

n.  to seek the assistance of the Tribunal and/or the Court in connection with the receivership pursuant to paragraph 6 of the Tribunal's ruling contained in its email dated 14 March 2019 and the Court's ruling in paragraph 83 of its decision on 12 April 2019.

4.  Without prejudice to the generality of the foregoing, during the period of their appointment, the Interim Receivers shall assume the exclusive management of the 1st Defendant and the Assets and shall, so far as the law permits, perform the duties and may perform any of the functions and exercise any of the powers of the General Partner of the 1st Defendant in relation to the 1st Defendant, the Assets, any of the Companies and/or the Company Assets.

5.  The Interim Receivers shall be at liberty to apply to the Court for directions concerning the conduct of the receivership, and shall provide reports to the Court in relation to the conduct of the receivership on a monthly basis.

6.  The Interim Receivers shall be at liberty to seek the assistance of the Tribunal and/or the Court in connection with the receivership pursuant to paragraph 6 of the Tribunal's ruling contained in its email dated 14 March 2019 and the Court's ruling in paragraph 83 of its decision on 12 April 2019, as and when the Interim Receivers deem it necessary to do so.

## RESTRAINING OF AND ASSISTANCE FROM THE 1st DEFENDANT

7.  The 1st Defendant be restrained by itself or by its servants, agents or otherwise, from taking any steps to cause or procure the transfer, charge, assignment or disposal of any part of the Assets/the Company Assets or otherwise encumbering or dealing with the Assets/the Company Assets, save for complying with the requests of the Interim Receiver.

8.    The 1st Defendant shall, by its servants, agents or otherwise, do all things and execute and sign or procure the execution and signature of all deeds and documents which might reasonably be required by the Interim Receivers for the purpose of:

    a.   obtaining information relating to the Assets and the Company Assets and/or transferring the Assets (including but not limited to any direct or indirect shares or interest in Charm Company Limited and Rainbow Company Limited) and/or the Company Assets into their names;

    b.   granting access and control over all property included within the Assets and/or Company Assets, including, inter alia, all bank accounts, books and records and computer servers.

9.    Without prejudice to the generality of the foregoing, the 1st Defendant shall execute such share transfer or other documentation as is necessary to effect a transfer of the shares in Charm Company Limited and Rainbow Company Limited into the individual or joint names of the Interim Receivers within 7 days of this Order.

**REMUNERATION OF THE INTERIM RECEIVERS**

10.    The remuneration of the Interim Receivers shall be charged and paid on such basis as directed by the Tribunal and the Court.

**COSTS**

11.    The costs of and occasioned by this application be reserved.

**DURATION OF THIS ORDER**

This Order will remain in force until the determination of the Plaintiff's Summons or further Order of the Court.

**THIRD PARTIES**

*Effect of this Order.* It is a contempt of court for any person notified of this Order knowingly to assist in or permit a breach of this Order. Any person doing so may be imprisoned, fined, or have his assets seized.

**UNDERTAKINGS**

The Plaintiff gives to the Court the undertakings set out in **Schedule 1** to this Order.

## VARIATION OR DISCHARGE OR THIS ORDER

The 1st Defendant and any other interested parties may apply to the Court at any time to vary or discharge this Order (or so much of it as affects it), but if it wishes to do so it should first inform the Plaintiff's solicitors.

## NAME AND ADDRESS OF THE PLAINTIFF'S SOLICITORS

The Plaintiff's solicitors are:

**Debevoise & Plimpton**

Address: 21/F, AIA Central, 1 Connaught Road Central, Hong Kong

Telephone Number: (852) 2160 9800

File Reference: MDJ/EA/CL/25104-1002

Dated this 12th day of April 2019.

Registrar

## SCHEDULE 1

### Undertakings given to the court by the Plaintiff

1. Anyone notified of this Order will be given a copy of it by the Plaintiff's solicitors.

2. If the Court later finds that this Order has caused loss to the 1st Defendant or any other party and decides that the 1st Defendant or that other party should be compensated for that loss, the Plaintiff will comply with any order the court may make.

3. If for any reason this Order ceases to have effect, the Plaintiff will forthwith take all reasonable steps to inform, in writing, any person or company to whom it has given notice of this Order, or who it has reasonable grounds for supposing may act upon this Order, that it has ceased to have effect.

HCCT 49 / 2017

IN THE HIGH COURT OF THE HONG KONG SPECIAL ADMINISTRATIVE

REGION

COURT OF FIRST INSTANCE

CONSTRUCTION AND ARBITRATION PROCEEDINGS NO. 49 OF 2017

BETWEEN:

SHANGHAI LI HONG INVESTMENT CENTER LIMITIED          Plaintiff

PARTNERSHIP (上海力宏投資中心)

and

XIO FUND I LP                                              1st Defendant

LAGUNA NETHERLANDS B.V.                                   2nd Defendant

GOAT NETHERLANDS B.V.                                     3rd Defendant

---

**ORDER**

---

**Debevoise
& Plimpton**

Solicitors for the Plaintiff
21st Floor, AIA Central,
1 Connaught Road Central,
Hong Kong

Tel: (852) 2160 9800
Fax: (852) 2810 9828
Ref.: MDJ/CL/25104-1002

# EXHIBIT B

HCCT 50 / 2017

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

CONSTRUCTION AND ARBITRATION PROCEEDINGS NO. 50 OF 2017

12 APR 2019

IN THE MATTER of Section 45(2) of the Arbitration Ordinance (Cap. 609)

and

IN THE MATTER of Section 21L of the High Court Ordinance (Cap. 4)

and

IN THE MATTER OF an arbitration case No. 23051/PTA, an Arbitration in Hong Kong

SHANGHAI LI HONG INVESTMENT CENTER LIMITED                    Plaintiff

PARTNERSHIP (上海力宏投資中心)

and

XIO FUND I LP                                                        1st Defendant

LAGUNA NETHERLANDS B. V.                                          2nd Defendant

GOAT NETHERLANDS B. V.                                            3rd Defendant

ORDER APPOINTING JOINT AND SEVERAL RECEIVERS
OVER THE ASSETS OF THE 1st DEFENDANT

**IMPORTANT NOTICE TO THE DEFENDANTS**

1.      If you disobey this order you may be found guilty of contempt of Court and any of you or your directors may be fined or sent to prison or your assets may be seized.

## BEFORE DEPUTY HIGH COURT JUDGE BLAIR IN CHAMBERS
## (NOT OPEN TO PUBLIC)
### ORDER

UPON the Plaintiff's ex parte (on notice) application made on 1 April 2019

AND UPON reading (i) the Second Affirmation of Emily Bo-Yi Austin dated 1 April 2019 exhibiting the final form of the Sixth Affirmation of Zhu Gujia and its exhibits thereto and a true copy of the signed witness statement of Hadley Chilton dated 27 March 2019,  (ii) the Third Affirmation of Emily Bo-Yi Austin dated 7 April 2019 exhibiting the final form of the Seventh Affirmation of Zhu Gujia and its exhibits thereto and a true copy of the signed Affidavit of Hadley Chilton dated 7 April 2019, (iii) the First Affirmation of Emily Bo-Yi Austin dated 19 March 2019 exhibiting the final form of the Fifth Affirmation of Zhu Gujia and its exhibits thereto, (iv) the Third Affirmation of Li Xiang filed on 25 May 2019 and its exhibits thereto, (v) the Fourth Affirmation of Li Xiang filed on 4 April 2019 and its exhibits thereto, (vi) the Fifth Affirmation of Li Xiang filed on 8 April 2019 and its exhibit thereto; (vii) the Fifth Affirmation of Emily Bo-Yi Austin dated 12 April 2019 and its exhibits thereto; (viii) a true copy of the Affidavit of Rebecca Hume in respect of the fitness and properness of Mr. Michael Pearson to be appointed joint and several receivers dated 18 March 2019, (ix) a true copy of the Affidavit of Rebecca Hume in respect of the fitness and properness of Mr. Andrew Childe to be appointed joint and several receivers dated 18 March 2019, (x) a true copy of the Affidavit of Rebecca Hume in respect of the fitness and properness of Mr. Hadley Chilton to be appointed joint and several receivers dated 18 March 2019; and (xi) a true copy

2

of the Affidavit of Ian Cargill Lambert in respect of the fitness and properness of Gordon MacRae to be appointed joint and several receivers dated 11 April 2019; (xii) a true copy of the Affidavit of Christopher John Dobby in respect of the fitness and properness of Gwynn Hopkins to be appointed joint and several receivers dated 11 April 2019

**AND UPON** hearing senior counsel for the Plaintiff and senior counsel for the 1st Defendant

**AND UPON** the Plaintiff providing the undertakings in **Schedule 1** of this Order.

**IT IS ORDERED** pursuant to the judgment and reasons given by DHCJ Blair on 12 April 2019 that:-

## APPOINTMENT OF INTERIM RECEIVERS

1.  Gwynn Hopkins of Perun Consultants Limited of 7B, Carfield Commercial Building, 75-55 Wyndham Street, Central, Hong Kong and Gordon MacRae of Kalo (Cayman) Ltd. of 10 Market Street, Camana Bay, Grand Cayman, Cayman Islands be appointed, pursuant to section 45(2) of the Arbitration Ordinance (Cap. 609) and Section 21L of the High Court Ordinance (Cap.4) in aid of the Arbitrations (as defined below), with immediate effect and without giving additional security as interim receivers jointly and severally (the "**Interim Receivers**") over the entire assets and undertakings of the 1st Defendant, XiO Fund I LP, except the shares and interests in Goat Caymanco Ltd., Goat Caymanco II Ltd. (the "**Assets**"), as an interim measure pending the determination of the Plaintiff's application by summons dated 19 March 2019 (the "**Plaintiff's Summons**") for the appointment of interim receivers pending determination of the following arbitrations (the "**Arbitrations**"):

    a.  between the Plaintiff as Claimant and Laguna Netherlands Coöperatif U.A. and the 1st Defendant as 1st and 2nd Respondents respectively in ICC Case No.23050/PTA; and

    b.  between the Plaintiff as Claimant and Goat Caymanco Ltd and the 1st Defendant as 1st and 2nd Respondents respectively in ICC Case No.23051/PTA.

2

**AND IT IS ORDERED** that the Interim Receivers produce to a Master evidence of their Professional Indemnity Insurance to the satisfaction of the Master within 14 days of the date of this Order

## STEPS TO BE TAKEN BY THE INTERIM RECEIVERS

2. The Interim Receivers shall take all steps that they consider necessary or desirable, including (without limitation) to:

    a. identify and secure the Assets;

    b. transfer into the individual or joint names of the Interim Receivers or any entity nominated by them any of the Assets including any shares or other rights in any other company, or the proceeds of sale or such shares or any other asset;

    c. investigate the affairs of the 1st Defendant for the purpose of discharging their duties under this Order, and in particular, for the purpose of identifying the Assets;

    d. take steps in the name of the 1st Defendant to recover the Assets.

## POWER AND AUTHORITY OF THE INTERIM RECEIVERS

3. The Interim Receivers shall have the exclusive and unfettered power to conduct the business and management of the 1st Defendant and its Assets and shall have power to do all acts and things necessary for the purpose of complying with this Order, and carrying out their functions, including (without limitation) each of the following powers, namely:

    a. to take control of all property included within the Assets including, without limitation, all bank accounts, books and records and computer servers;

    b. take such steps as the Interim Receivers consider necessary for the purpose of getting in, obtaining control and/or custody of and recovering and preserving all of the Assets, including as far as may be necessary taking such steps (including, if appropriate, the commencement of proceedings) to be recognised for such purposes in any other jurisdiction;

c.    to enter upon or take possession of the property of the 1st Defendant including, without limitation, any premises of the 1st Defendant, or any site office where the Interim Receivers have reason to believe that there are assets, property (including computer servers) or books and records of the 1st Defendant, and, if necessary by force, to change locks and open safes or other strongboxes;

d.    to ascertain, take possession of, collect, give valid receipts for and protect the Assets including, but without prejudice to the generality of the foregoing powers, to demand and receive all debts due or which may fall due to the 1st Defendant, but not to distribute or part with them save for the exercise of the powers hereunder or until further order;

e.    to ascertain and conduct investigations into the affairs of the 1st Defendant, including without prejudice to the generality of the foregoing, the power to see, review, secure, take possession of and copy all books, records, and documents belonging to the 1st Defendant, or relating to its accounts and audit of such accounts, wheresoever located, including those in the possession, custody or control of its accountants, auditors and other advisors or agents, or any other persons whether in Hong Kong or overseas or located on any remote computer servers;

f.    request any information relating to the Assets from any third party within Hong Kong as the Interim Receivers may reasonably require for the purpose of carrying out their functions, notwithstanding that the third party shall not be obliged to provide such information by virtue only of this Order;

g.    to give instructions to legal advisors and any professionals engaged in relation to any of the Assets, including the power to seek and obtain information from such solicitors and professionals as to any Asset which is subject of this Order, to supply such information obtained by them as to any Assets to the Plaintiff as they think fit for such purpose as identified in paragraph 3(m) below;

h.    to take control of and exercise all rights which the 1st Defendant may have in relation to Charm Company Limited and Rainbow Company Limited (each a "**Company**" and together, the "**Companies**") in accordance with the provisions of any relevant constitutional or related documentation of the

5

Company, or such shares of such Company as are owned (directly or indirectly) by the 1st Defendant, as may be necessary to obtain control or management of any such Company including, without prejudice to the generality of the foregoing, the power to call or cause to be called such meetings of the Company (in accordance with the provisions of any relevant constitutional or related documentation of the Company) as the Interim Receivers shall consider necessary to appoint or remove all or any directors and other officers and agents of any such Company and to take all such steps as the Interim Receivers thinks fit to protect the interests of the 1st Defendant therein and for the purpose of protecting the interests of the 1st Defendant therein and preserving the Assets;

i.  to exercise, in relation to the Assets, or any part thereof, all such powers, authorities and things as the Interim Receivers would be capable of exercising if they were the absolute beneficial owners of the same (excluding the power of sale save and except as permitted by the arbitral tribunal conducting the Arbitrations ("**Tribunal**")), and to use the name of the 1st Defendant, for all or any of such purposes, including but not limited to the rights to attend meetings and to exercise any votes, and to direct nominees of the 1st Defendant in its name shares or other securities beneficially owned by the 1st Defendant are registered to exercise all or any such rights as the Interim Receiver shall direct;

j.  to take steps to remove the existing directors and / or officers of any the Companies and to appoint themselves or any other persons as the directors of any of the Companies;

k.  to retain independent advisors including legal advisors and/or other professionals, whether in Hong Kong or overseas, in such disciplines as they shall consider appropriate to assist them in the conduct of their duties;

l.  by reason of the taking control of, or the exercise of all rights (arising from the 1st Defendant's holding of shares whether directly or indirectly) which they may have in relation to any Company to do or, as a shareholder cause or compel a Company to do or permit the doing of, all acts in accordance with

the provisions of any relevant constitutional documentation of such Company, and the relevant laws of the jurisdiction in which the Company is situated, which may include but are not limited to the following:-

(i)  to enter upon or take possession of the property of any Company, including without limitation, any premises or any site office of the Company where the Interim Receivers have reason to believe there are assets, property, or books of the Company, and if necessary by force, to change locks and open safes and other strongboxes;

(ii)  to ascertain, take possession of, collect, give valid receipts for, and protect the money, books, records, documents, properties, things in action, and other assets of any Company (collectively the "**Company Assets**") including, but without prejudice to the generality of the foregoing powers, to take control of all bank accounts in the name of any Company, demand and receive all debts due or which may fall due to any Company, but not to distribute or part with them save for the exercise of the powers hereunder or until further order;

(iii)  to see, review, secure, take possession of and copy all books, records, and documents of any Company, or relating to its or their accounts and audit of such documents, located at the offices of any Company, its accountants, auditors and other advisors or agents, or any other person whether in Hong Kong or overseas (the "**Persons**") provided always such Persons consent to the same; and

(iv)  to preserve the Company Assets and, so far as may be necessary, to carry on the business of any Company.

m.  to make inquiries with, and to seek assistance from, any party and/or its advisers and/or the Tribunal for the purpose of tracing and/or preserving the Assets and the Company Assets, and to share/disclose such information (save

and except legally privileged information) to any such party and/or its advisers and/or the Tribunal as may be necessary for such purpose;

n.    to seek the assistance of the Tribunal and/or the Court in connection with the receivership pursuant to paragraph 6 of the Tribunal's ruling contained in its email dated 14 March 2019 and the Court's ruling in paragraph 83 of its decision on 12 April 2019.

4.    Without prejudice to the generality of the foregoing, during the period of their appointment, the Interim Receivers shall assume the exclusive management of the 1st Defendant and the Assets and shall, so far as the law permits, perform the duties and may perform any of the functions and exercise any of the powers of the General Partner of the 1st Defendant in relation to the 1st Defendant, the Assets, any of the Companies and/or the Company Assets.

5.    The Interim Receivers shall be at liberty to apply to the Court for directions concerning the conduct of the receivership, and shall provide reports to the Court in relation to the conduct of the receivership on a monthly basis.

6.    The Interim Receivers shall be at liberty to seek the assistance of the Tribunal and/or the Court in connection with the receivership pursuant to paragraph 6 of the Tribunal's ruling contained in its email dated 14 March 2019 and the Court's ruling in paragraph 83 of its decision on 12 April 2019, as and when the Interim Receivers deem it necessary to do so.

## RESTRAINING OF AND ASSISTANCE FROM THE 1st DEFENDANT

7.    The 1st Defendant be restrained by itself or by its servants, agents or otherwise, from taking any steps to cause or procure the transfer, charge, assignment or disposal of any part of the Assets/the Company Assets or otherwise encumbering or dealing with the Assets/the Company Assets, save for complying with the requests of the Interim Receiver.

o

8.    The 1st Defendant shall, by its servants, agents or otherwise, do all things and execute and sign or procure the execution and signature of all deeds and documents which might reasonably be required by the Interim Receivers for the purpose of:

    a.   obtaining information relating to the Assets and the Company Assets and/or transferring the Assets (including but not limited to any direct or indirect shares or interest in Charm Company Limited and Rainbow Company Limited) and/or the Company Assets into their names;

    b.   granting access and control over all property included within the Assets and/or Company Assets, including, inter alia, all bank accounts, books and records and computer servers.

9.    Without prejudice to the generality of the foregoing, the 1st Defendant shall execute such share transfer or other documentation as is necessary to effect a transfer of the shares in Charm Company Limited and Rainbow Company Limited into the individual or joint names of the Interim Receivers within 7 days of this Order.

## REMUNERATION OF THE INTERIM RECEIVERS

10.    The remuneration of the Interim Receivers shall be charged and paid on such basis as directed by the Tribunal and the Court.

## COSTS

11.    The costs of and occasioned by this application be reserved.

## DURATION OF THIS ORDER

This Order will remain in force until the determination of the Plaintiff's Summons or further Order of the Court.

## THIRD PARTIES

*Effect of this Order.* It is a contempt of court for any person notified of this Order knowingly to assist in or permit a breach of this Order. Any person doing so may be imprisoned, fined, or have his assets seized.

## UNDERTAKINGS

The Plaintiff gives to the Court the undertakings set out in **Schedule 1** to this Order.

## VARIATION OR DISCHARGE OR THIS ORDER

The 1st Defendant and any other interested parties may apply to the Court at any time to vary or discharge this Order (or so much of it as affects it), but if it wishes to do so it should first inform the Plaintiff's solicitors.

## NAME AND ADDRESS OF THE PLAINTIFF'S SOLICITORS

The Plaintiff's solicitors are:

**Debevoise & Plimpton**

Address: 21/F, AIA Central, 1 Connaught Road Central, Hong Kong

Telephone Number: (852) 2160 9800

File Reference: MDJ/EA/CL/25104-1002

Dated this 12th day of April 2019.

Registrar

10

## SCHEDULE 1

### Undertakings given to the court by the Plaintiff

1. Anyone notified of this Order will be given a copy of it by the Plaintiff's solicitors.

2. If the Court later finds that this Order has caused loss to the 1st Defendant or any other party and decides that the 1st Defendant or that other party should be compensated for that loss, the Plaintiff will comply with any order the court may make.

3. If for any reason this Order ceases to have effect, the Plaintiff will forthwith take all reasonable steps to inform, in writing, any person or company to whom it has given notice of this Order, or who it has reasonable grounds for supposing may act upon this Order, that it has ceased to have effect.

HCCT 50 / 2017

IN THE HIGH COURT OF THE HONG KONG SPECIAL ADMINISTRATIVE

REGION

COURT OF FIRST INSTANCE

CONSTRUCTION AND ARBITRATION PROCEEDINGS NO. 49 OF 2017

BETWEEN:

SHANGHAI LI HONG INVESTMENT CENTER LIMITIED                    Plaintiff

PARTNERSHIP (上海力宏投資中心)

and

XIO FUND I LP                                               1st Defendant

LAGUNA NETHERLANDS B.V.                                     2nd Defendant

GOAT NETHERLANDS B.V.                                       3rd Defendant

ORDER

# Debevoise
# &Plimpton

**Solicitors for the Plaintiff**
21st Floor, AIA Central,
1 Connaught Road Central,
Hong Kong

Tel: (852) 2160 9800
Fax: (852) 2810 9828
Ref.: MDJ/CL/25104-1002

# EXHIBIT C

HCCT  49 / 2017

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CONSTRUCTION AND ARBITRATION PROCEEDINGS NO.  49 OF 2017



27 JUN 2019

IN  THE  MATTER  of  Section  45(2)  of  the
Arbitration Ordinance (Cap. 609)
and
IN THE MATTER of Section 21L of the High Court
Ordinance (Cap. 4)
and
IN  THE  MATTER  OF  an  arbitration  case  No.
23050/PTA, an Arbitration in Hong Kong

SHANGHAI LI HONG INVESTMENT CENTER LIMITED                    Plaintiff
PARTNERSHIP (上海力宏投資中心)
And

XIO FUND I LP                                                        1ˢᵗ Defendant

LAGUNA NETHERLANDS B. V.                                        2ⁿᵈ Defendant

GOAT NETHERLANDS B. V.                                          3ʳᵈ Defendant

## BEFORE THE HONOURABLE MADAM JUSTICE MIMMIE CHAN IN

## CHAMBERS (NOT OPEN TO PUBLIC)

## ORDER

**UPON** the application of the Plaintiff by way of Summons filed on 19 March 2019;

**AND UPON** reading (i) the Fifth Affirmation of Zhu Gujia dated 3 April 2019 and its exhibits thereto; (ii) the Sixth Affirmation of Zhu Gujia dated 3 April 2019 and its exhibits thereto; (iii) the Seventh Affirmation of Zhu Gujia dated 11 April 2019 and its exhibits thereto; (iv) the witness statement of Hadley Chilton dated 27 March 2019; (v) the Affidavit of Hadley Chilton dated 7 April 2019 and its exhibits thereto, (vi) the Third Affirmation of Li Xiang dated 25 March 2019 and its exhibits thereto, (vii) the Fourth Affirmation of Li Xiang dated 4 April 2019 and its exhibits thereto, (viii) the Fifth Affirmation of Li Xiang dated 8 April 2019 and its exhibit thereto; (ix) the Sixth Affirmation of Emily Bo-Yi Austin dated 19 June 2019 exhibiting the final form of the Eighth Affirmation of Zhu Gujia and its exhibits thereto; and (x) the First Affidavit of Gwynn David Nevill Hopkins dated 21 June 2019.

**AND UPON** hearing Leading Counsel for the Plaintiff and the Solicitor Advocate for the Interim Receivers

**AND UPON** the Plaintiff's undertaking that if the Court later find that this Order has caused loss to the 1st Defendant or any other party and decides that the 1st Defendant or that other party should be compensated for that loss, the Plaintiff will comply with any order the Court may make

**IT IS ORDERED** that:-

1.    The order of Deputy High Court Judge Blair dated 12 April 2019 be continued until the determination of the arbitration between the Plaintiff as the Claimant and Laguna Netherlands Coöperatif U.A. and the 1st Defendant as the 1st and 2nd Respondents respectively in ICC Case No. 23050/PTA (the "**Arbitration**"), or until further order of the Court and/or the Tribunal.

2.    There be liberty to apply.

3.    Costs of this application be in the cause of the Arbitration. Costs of the Receivers occasioned by and of the application be in the receivership.

Dated this 27th day of June 2019.

Registrar

HCCT 49 / 2017

IN THE HIGH COURT OF THE HONG KONG SPECIAL ADMINISTRATIVE
REGION
COURT OF FIRST INSTANCE
CONSTRUCTION AND ARBITRATION PROCEEDINGS NO. 49 OF 2017

BETWEEN:

| | |
|---|---|
| **SHANGHAI LI HONG INVESTMENT CENTER LIMITIED PARTNERSHIP (上海力宏投資中心)** | Plaintiff |
| and | |
| **XIO FUND I LP** | 1st Defendant |
| **LAGUNA NETHERLANDS B.V.** | 2nd Defendant |
| **GOAT NETHERLANDS B.V.** | 3rd Defendant |

---

**ORDER**

---

Dated this 27th June 2019
Filed on 27th June 2019

**Solicitors for the Plaintiff**
21st Floor, AIA Central,
1 Connaught Road Central,
Hong Kong

**Debevoise
&Plimpton**

Tel: (852) 2160 9800
Fax: (852) 2810 9828
Ref.: MDJ/EA/25104-1002

# EXHIBIT D

HCCT 50 / 2017

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CONSTRUCTION AND ARBITRATION PROCEEDINGS NO. 50 OF 2017

2 7 JUN 2019

IN THE MATTER of Section 45(2) of the Arbitration Ordinance (Cap. 609)
and
IN THE MATTER of Section 21L of the High Court Ordinance (Cap. 4)
and
IN THE MATTER OF an arbitration case No. 23051/PTA, an Arbitration in Hong Kong

SHANGHAI LI HONG INVESTMENT CENTER LIMITED PARTNERSHIP (上海力宏投資中心)                    Plaintiff

and

XIO FUND I LP                                                            1st Defendant

LAGUNA NETHERLANDS B. V.                                                 2nd Defendant

GOAT NETHERLANDS B. V.                                                   3rd Defendant

## BEFORE THE HONOURABLE MADAM JUSTICE MIMMIE CHAN IN CHAMBERS (NOT OPEN TO PUBLIC)

### ORDER

**UPON** the application of the Plaintiff by way of Summons filed on 19 March 2019;

**AND UPON** reading (i) the Fifth Affirmation of Zhu Gujia dated 3 April 2019 and its exhibits thereto; (ii) the Sixth Affirmation of Zhu Gujia dated 3 April 2019 and its exhibits thereto; (iii) the Seventh Affirmation of Zhu Gujia dated 11 April 2019 and its exhibits thereto; (iv) the witness statement of Hadley Chilton dated 27 March 2019; (v) the Affidavit of Hadley Chilton dated 7 April 2019 and its exhibits thereto, (vi) the Third Affirmation of Li Xiang dated 25 March 2019 and its exhibits thereto, (vii) the Fourth Affirmation of Li Xiang dated 4 April 2019 and its exhibits thereto, (viii) the Fifth Affirmation of Li Xiang dated 8 April 2019 and its exhibit thereto; (ix) the Sixth Affirmation of Emily Bo-Yi Austin dated 19 June 2019 exhibiting the final form of the Eighth Affirmation of Zhu Gujia and its exhibits thereto; and (x) the First Affidavit of Gwynn David Nevill Hopkins dated 21 June 2019.

**AND UPON** hearing Leading Counsel for the Plaintiff and the Solicitor Advocate for the Interim Receivers

**AND UPON** the Plaintiff's undertaking that if the Court later finds that this Order has caused loss to the 1st Defendant or any other party and decides that the 1st Defendant or that other party should be compensated for that loss, the Plaintiff will comply with any order the Court may make,

**IT IS ORDERED** that:-

1.    The order of Deputy High Court Judge Blair dated 12 April 2019 be continued until the determination of the arbitration between the Plaintiff as the Claimant and Goat Caymanco Ltd and the 1st Defendant as 1st and 2nd Respondents respectively in ICC Case No. 23051/PTA (the "**Arbitration**"), or until further order of the Court and/or the Tribunal.

2.    There be liberty to apply.

3.    Costs of this application be in the cause of the Arbitration. Costs of the Receivers occasioned by and of the application be in the receivership.

Dated this 27th day of June 2019.

Registrar

HCCT 50 / 2017

IN THE HIGH COURT OF THE HONG KONG SPECIAL ADMINISTRATIVE
REGION
COURT OF FIRST INSTANCE
CONSTRUCTION AND ARBITRATION PROCEEDINGS NO. 50 OF 2017

BETWEEN:

**SHANGHAI LI HONG INVESTMENT CENTER LIMTIED**                    Plaintiff
**PARTNERSHIP** (上海力宏投資中心)

                              and

**XIO FUND I LP**                                             1st Defendant
**LAGUNA NETHERLANDS B.V.**                                  2nd Defendant
**GOAT NETHERLANDS B.V.**                                    3rd Defendant

---

**ORDER**

---

Dated this 27th June 2019
Filed on 27th June 2019

**Solicitors for the Plaintiff**
21st Floor, AIA Central,
1 Connaught Road Central,
Hong Kong

**Debevoise
&Plimpton**

Tel: (852) 2160 9800
Fax: (852) 2810 9828
Ref.: MDJ/EA/25104-1002

# EXHIBIT E

HCCT 50/2017

## IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
## COURT OF FIRST INSTANCE
## CONSTRUCTION AND ARBITRATION PROCEEDINGS
## NO. 50 OF 2017

IN THE MATTER of Section 45(2) of the Arbitration Ordinance (Cap.609)

and

IN THE MATTER of Section 21L of the High Court Ordinance (Cap.4)

and

IN THE MATTER of an arbitration case No. 23051/PTA, an Arbitration in Hong Kong

**BETWEEN**

**SHANGHAI LI HONG INVESTMENT CENTER LIMITED**                        **Plaintiff**
**PARTNERSHIP** (上海力宏投資中心)

and

**XIO FUND I LP**                                                    **1ˢᵗ Defendant**
**LAGUNA NETHERLANDS B.V.**                                          **2ⁿᵈ Defendant**
**GOAT NETHERLANDS B.V.**                                            **3ʳᵈ Defendant**

### BEFORE THE HONOURABLE MADAM JUSTICE MIMMIE CHAN

### IN CHAMBERS (NOT OPEN TO PUBLIC)

### ORDER

**UPON** the application of the Interim Receivers pursuant to O.30 r.8 of the Rules of the High Court by way of letter dated 22 November 2019

**AND UPON** reading the Second Affidavit of Christopher John Dobby dated 22 November 2019 and the enclosures thereto

**AND UPON** reading the Affirmation of Byron Andreas Phillips dated 26 November 2019 and the enclosures thereto

**AND UPON** reading the letter dated 27 November 2019 of the Interim Receivers

**IT IS ORDERED** that:-

1.     The Interim Receivers be permitted and do have the power to take all necessary steps to give effect to:

   (a)     paragraph 182, subparagraph 6, of the partial award on validity, jurisdiction, rights and remedies of the Tribunal dated 15 November 2019 in ICC Case No. 23051/PTA (the **"Partial Award"**), namely to take such steps as are necessary to enable Shanghai Li Hong Investment Center (Limited Partnership) to be the sole owner of the Shares in Goat Caymanco Ltd;

   (b)     paragraph 182, subparagraph 10, of the  Partial Award, namely to provide all necessary assistance to Shanghai Li Hong Investment Center (Limited Partnership) to facilitate the release of escrow funds from the Project Camping sale proceeds currently held in escrow by Orders of the Tribunal dated 25 and 31 August 2018 (the "Escrow Funds");

   (c)     any further orders of the Tribunal regarding treatment of the Escrow Funds; and

2.     costs of this application be in the receivership.

Dated this 10th December 2019.

                                                               Registrar

HCCT 50/2017

**IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
CONSTRUCTION AND ARBITRATION
PROCEEDINGS NO. 50 OF 2017**

IN THE MATTER of Section 45(2) of the Arbitration Ordinance (Cap.609)

and

IN THE MATTER of Section 21L of the High Court Ordinance (Cap.4)

and

IN THE MATTER of an arbitration case No. 23051/PTA, an Arbitration in Hong Kong

**BETWEEN**

| | |
|---|---|
| **SHANGHAI LI HONG INVESTMENT CENTER LIMITED    PARTNERSHIP** (上海力宏投資中心) | **Plaintiff** |
| and | |
| **XIO FUND I LP** | **1ˢᵗ Defendant** |
| **LAGUNA NETHERLANDS B.V.** | **2ⁿᵈ Defendant** |
| **GOAT NETHERLANDS B.V.** | **3ʳᵈ Defendant** |

**ORDER**

Dated the    10ᵗʰ    day of December 2019

Filed the    11ᵗʰ    day of December 2019

**HOGAN LOVELLS**
Solicitors for the Interim Receivers
11ᵗʰ Floor, One Pacific Place
88 Queensway
Hong Kong
Tel:    2219 0888
Fax:    2219 0222
Ref:    BP/CJD/756625/000002

# EXHIBIT F

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

**CAUSE No. FSD 78 of 2019 (IMJ)**

In Open Court
Before the Honourable Justice Mangatal
29-30 May and 7 June 2019

**IN THE MATTER OF XIO FUND I LP**

**AND IN THE MATTER OF AN APPLICATION FOR RECOGNITION OF INTERIM RECEIVERSHIP ORDERS OF THE HIGH COURT OF THE HONG KONG SPECIAL ADMINISTRATIVE REGION**

**BETWEEN**

> **GWYNN HOPKINS AND GORDON MACRAE IN THEIR CAPAICITY AS JOINT AND SEVERAL INTERIM RECEIVERS OVER XIO FUND I LP AND ITS ASSETS**

<u>Applicants</u>

**AND**

> (1)   **XIO GP LIMITED**
> (2)   **SHANGHAI LI HONG INVESTMENT CENTER (LIMITED PARTNERSHIP)**
> (3)   **JOSEPH PACINI**
> (4)   **CARSTEN GEYER**
> (5)   **FEI (MURPHY) QIAO**

<u>Respondents</u>

> (6)   **LAGUNA NETHERLANDS BV**

<u>Interested Party</u>

---

**ORDER**

---

**UPON** the application of Gwynn Hopkins of Perun Consultants Limited, Hong Kong and Gordon MacRae of Kalo (Cayman) Limited of the Cayman Islands as the Joint and

Several Interim Receivers (**"Interim Receivers"**) over XiO Fund I LP and its assets as defined in the receivership orders (**"Assets"**) as appointed by orders of the High Court of the Hong Kong Special Administrative Region (**"HCCT"**) dated 12 April 2019 in the two matters HCCT 49/2017 and HCCT 50 /2017 (**"Receivership Orders"**) for the recognition of the Receivership Orders within the Cayman Islands

**AND UPON** reading the Originating Summons, the affidavits of Gordon MacRae sworn on 26 April 2019, 17 May 2019, and 28 May 2019, the affidavit of Iain Gow sworn on 29 April 2019, the affidavit of Tso Yi Lee Elizabez sworn on 10 May 2019, the affirmations of Emily Bo-Yi Austin both affirmed on 14 May 2019, the affidavit of Rachel Baexendale sworn on 14 May 2019, the affirmations of Xiang (Athene) Li both affirmed on 14 May 2019, the affidavit of Joseph Pacini sworn on 16 May 2019, the affidavits of Henk Vreeman sworn on 6 May 2019 and 14 May 2019, the affidavits of Joost Krebbers sworn on 6 May 2019 and 14 May 2019, the affidavit of Sylvester Dube sworn on 17 May 2019, and the exhibits thereto

**AND UPON** reading the speaking note of Paul Shieh SC and Sara Tong dated 9 April 2019 produced to the HCCT and a draft protocol between the Applicants and the Third to Fifth Respondents as at 30 May 2019 and as agreed by them on 31 May 2019

**AND UPON** hearing from Leading Counsel on behalf of the Applicants, Leading Counsel on behalf of the Second Respondent, Leading Counsel on behalf of the First Respondent, Leading Counsel on behalf of the Third to Fifth Respondents, and Counsel on behalf of the Interested Party

**IT IS ORDERED THAT:**

1.   This Honourable Court hereby recognises the orders of the High Court of the Hong Kong Special Administrative Region (**"HCCT"**) dated 12 April 2019 in the two matters HCCT 49/2017 and HCCT 50 /2017 (**"Receivership Orders"**)

2

appointing Gwynn Hopkins of Perun Consultants Limited, Hong Kong and Gordon MacRae of Kalo (Cayman) Limited of the Cayman Islands as the Joint and Several Interim Receivers ("**Interim Receivers**") over XiO Fund I LP and its assets and undertakings as defined in the Receivership Orders ("**Assets**");

2.   Without prejudice to the generality of paragraph 1, the Court recognises the powers and authority of the Interim Receivers:

   a.   to conduct the business and management of XiO Fund I LP and the Assets;
   b.   to perform the duties and functions and exercise the powers of the General Partner of the XiO Fund I LP in relation to XiO Fund I LP, the Assets and any of the Companies and/or the Company Assets as defined in the Receivership Orders;
   c.   without limitation to the generality of the foregoing, to conduct the defence of XiO Fund I LP to arbitrations ICC Cases No. 23050/PTA and 23051/PTA.

3.   Except for this Order, all other documentation filed by the Interim Receivers in connection with these proceedings, including but not limited to the Originating Summons, Affidavit of Gordon MacRae sworn on 26 April 2019, Affidavit of Iain Gow sworn on 29 April 2019, any further affidavits, and written submissions shall be sealed and kept confidential on an interim basis, and not be available for inspection by any third party which is not an original party to these proceedings and not a party granted interested party status in these proceedings; except with leave of the Court granted on application made on at least seven business days' notice to the Interim Receivers.

4.   The Court materials referred to in paragraph 3 shall be permitted for use or reference to in the following proceedings:

   a.   High Court of the Hong Kong Administrative Region: Matters HCCT 49/2017 and HCCT 50/2017;
   b.   Hong Kong Arbitrations Proceedings: Case Nos. 23050/PTA and 23051/PTA; and
   c.   Cayman Islands Court Proceedings: Cause Nos. FSD 57 of 2019, FSD 73 of 2019, FSD 75 of 2019 and FSD 78 of 2019.

5.   That the time for notice of this summons shall be abridged.

3

6.    Costs to be reserved until after delivery of written reasons.

**DATED** this 7th day of June, 2019.
**FILED** this 7th day of June, 2019.

**The Honourable Justice Ingrid Mangatal**
**Judge of the Grand Court**

4

This Order was filed by HSM Chambers, Attorneys for the Applicants, whose address for service: 68 Fort Street, George Town, PO Box 31726, Grand Cayman KY1-1207 [Ref: 421065/ICL].

**AGREED TO AS TO FORM ONLY:**

*HSM Chambers*

**HSM Chambers**
Attorneys-at-Law for the Applicants

*McGrath Tonner*

**McGrath Tonner**
Attorneys-at-Law for the Third to Fifth
Respondents

*Forbes Hare*

**Forbes Hare**
Attorneys-at-Law for the First Respondent

*Maples and Calder*

**Maples and Calder**
Attorneys-at-Law for the Second
Respondent

*Dentons*

**Dentons**
Attorneys-at-Law for the Interested Party

5

This Order was filed by HSM Chambers, Attorneys for the Applicants, whose address for service: 68 Fort Street, George Town, PO Box 31726, Grand Cayman KY1-1207 [Ref: 421065/ICL].

# EXHIBIT G

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

CAUSE NO: FSD 75 OF 2019 (IKJ)

BETWEEN:

SHANGHAI LI HONG INVESTMENT CENTER (LIMITED PARTNERSHIP)

Plaintiff

AND

| | |
|---|---|
| (1) | XIO CAYMAN LIMITED (a corporation incorporated in Nevis) |
| (2) | CHARM COMPANY LIMITED |
| (3) | RAINBOW COMPANY LIMITED |
| (4) | ATHENE (XIANG) LI |
| (5) | JOSEPH PACINI |
| (6) | MURPHY QIAO |
| (7) | CARSTEN GEYER |
| (8) | XIO FUND I JEFFERSON LIMITED |
| (9) | JEFFERSON GOLD HOLDCO LIMITED |
| (10) | JEFFERSON TOP HOLDCO LIMITED |
| (11) | JEFFERSON CAYMAN HOLDCO LIMITED |
| (12) | XIO PLATINUM LP |
| (13) | XIO PLATINUM GP LIMITED (an exempt company incorporated in the Cayman Islands) |
| (14) | XIO PLATINUM GP LIMITED (a corporation incorporated in Nevis) |
| (15) | XIO SILVER LP |
| (16) | XIO SILVER GP LIMITED |
| (17) | IDEAL HARVEST COMPANY LIMITED |
| (18) | XIO DIAMOND GP LIMITED |



Defendants

JEFFERSON CAYMAN HOLDCO II LIMITED

Defendant for Disclosure Purposes Only

---

**WRIT OF SUMMONS**

---

TO:    (1)    XiO Cayman Limited of Southpac Trust Nevis Limited, Hunkins Plaza, Main Street, Charlestown, Nevis, St Kitts and Nevis;

THIS WRIT was issued by Maples and Calder, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CDM/PYS/724496.02/58347994)

(2)     Charm Company Limited, c/o Campbells Corporate Services Limited, Floor 4, Willow House, Cricket Square, Grand Cayman KY1-9010, Cayman Islands;

(3)     Rainbow Company Limited c/o Campbells Corporate Services Limited, Floor 4, Willow House, Cricket Square, Grand Cayman KY1-9010, Cayman Islands;

(4)     Athene (Xiang) Li of International Commerce Centre, Suite 1506b, 1 Austin Road West, Kowloon, Hong Kong Special Administrative Region of the People's Republic of China;

(5)     Joseph Pacini of The Harbour View Place, Room 6208, 1 Austin Road West, Kowloon, Hong Kong Special Administrative Region of the People's Republic of China;

(6)     Murphy Qiao of Flat 7, 2f Yuen Kwai Building, Whampoa Estate, 119 Dock Street, Kowloon, Hong Kong Special Administrative Region of the People's Republic of China;

(7)     Carsten Geyer of 16 Ennismore Gardens, London SW7 1AA, United Kingdom;

(8)     XiO Fund I Jefferson Limited c/o Vistra (Cayman) Limited, P.O. Box 31119, Grand Pavillion, Hibiscus Way, 802 West Bay Road, Grand Cayman KY1-1205, Cayman Islands;

(9)     Jefferson Gold Holdco Limited c/o Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands;

(10)    Jefferson Top Holdco Limited c/o Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands;

(11)    Jefferson Cayman Holdco Limited c/o Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands;

(12)    XiO Platinum LP c/o Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands;

(13)    XiO Platinum GP Limited (Cayman Islands) c/o Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands;

(14)    XiO Platinum GP Limited (Nevis) of Southpac Trust Nevis Limited, Hunkins Plaza, Main Street, Charlestown, Nevis, St Kitts and Nevis;

(15)    XiO Silver LP c/o Campbells Corporate Services Limited, Floor 4, Willow House, Cricket Square, Grand Cayman KY1-9010, Cayman Islands;

(16)    XiO Silver GP Limited c/o Campbells Corporate Services Limited, Floor 4, Willow House, Cricket Square, Grand Cayman KY1-9010, Cayman Islands;

THIS WRIT was issued by Maples and Calder, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CDM/PYS/724496.02/58347994)

2

(17)    Ideal Harvest Company Limited c/o Vistra (Cayman) Limited, P.O. Box 31119, Grand Pavillion, Hibiscus Way, 802 West Bay Road, Grand Cayman KY1-1205, Cayman Islands;

(18)    XiO Diamond GP Limited c/o Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands; AND

(19)    Jefferson Cayman Holdco II Limited c/o Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands.

THIS WRIT OF SUMMONS has been issued against you by the above-named Plaintiff in respect of the claim set out on the next page.

Within 14 days (or, if leave is required to effect service out of the jurisdiction, such other period as is specified in the attached Acknowledgment of Service of Writ of Summons) after the service of this Writ on you, counting the day of service, you must either satisfy the claim or return to the Registrar of the Financial Services Division, Court Office, PO Box 495, George Town, Grand Cayman, KY1-1106, Cayman Islands, the accompanying Acknowledgment of Service stating therein whether you intend to contest these proceedings.

If you fail to satisfy the claim or to return the Acknowledgment within the time stated, or if you return the Acknowledgment without stating therein an intention to contest the proceedings, the Plaintiff may proceed with the action and judgment may be entered against you forthwith without further notice.

Issued this 8th day of May 2019

NOTE - This Writ may not be served later than 4 calendar months (or, if leave is required to effect service out of the jurisdiction, 6 months) beginning with the date of issue unless renewed by order of the Court.

### IMPORTANT

Directions for Acknowledgment of Service are given with the accompanying form.

THIS WRIT was issued by Maples and Calder, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CDM/PYS/724496.02/58347994)

3

## GENERAL INDORSEMENT

The Plaintiff's claims are for the following relief, which is set out (for the avoidance of doubt) without any election being made between alternative remedies or cause of action:

Declarations and ancillary relief in respect of the Plaintiff's equitable proprietary interest in sum of USD 140 million (the **"USD 140 million"**) and the sum of USD 66 million (the **"USD 66 million"**) that the First Defendant received from XiO Fund I LP in August 2016 and in any traceable proceeds thereof.

Declarations and ancillary relief in respect of the Plaintiff's equitable proprietary interest in sum of USD 89,547,063 (the **"USD 89 million"**) received by the Twelfth Defendant and the sum of USD 31,123,064 (the **"USD 31 million"**) received by the Ninth Defendant as nominee for the Twelfth Defendant in connection with share repurchases by the Eleventh Defendant in September 2017, which sums constitute the traceable proceeds of the USD 140 million and the USD 66 million.

Declarations and ancillary relief in respect of the Plaintiff's equitable proprietary interest in sum of USD 50 million (the **"USD 50 million"**) received by the Ninth Defendant from Haitong International Credit Company Limited in September 2016, which sums constitute the traceable proceeds of the USD 140 million and the USD 66 million.

Declarations and ancillary relief in respect of the Plaintiff's equitable proprietary interest in sum of USD 90 million (the **"USD 90 million"**) received by the Tenth Defendant from Huarong Tianze (HK) Investment Limited Partnership in September 2016, which sums constitute the traceable proceeds of the USD 140 million and the USD 66 million.

Declarations and ancillary relief in respect of the Plaintiff's equitable proprietary interest in sum of USD 38 million (the **"USD 38 million"**) received by the Ninth Defendant from CMBC International Holdings Limited (**"CMBC"**) in January 2017, which sums constitute the traceable proceeds of the USD 140 million and the USD 66 million.

Declarations and ancillary relief in respect of the Plaintiff's equitable proprietary interest in sum of USD 20 million (the **"USD 20 million"**) received by the Twelfth Defendant from CMBC in November 2017, which sums constitute the traceable proceeds of the USD 140 million and the USD 66 million.

THIS WRIT was issued by Maples and Calder, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CDM/LRS/PYS/RNH/724496.2/57580072)

4

Damages, declarations and ancillary relief as a result of the First Defendant's receipt of the USD 140 million and the USD 66 million from XiO Fund I LP in August 2016 (and any further sums received prior to, in, or subsequent to August 2016) with the knowledge that XiO Fund I LP had transferred that sum in breach of trust and/or fiduciary duty.

Damages, declarations and ancillary relief in respect of the Twelfth Defendant's receipt of the USD 140 million and the USD 66 million from the First Defendant in September 2016 with the knowledge that the First Defendant had transferred that sum in breach of trust and/or fiduciary duty.

Damages, declarations and ancillary relief in respect of the Eleventh Defendant's receipt of the USD 140 million and the USD 66 million from the Twelfth Defendant in September 2016 with the knowledge that the Twelfth Defendant had transferred that sum in breach of trust and/or fiduciary duty.

An account of profits, equitable compensation, declarations and ancillary relief as a result of the Twelfth Defendant's receipt of the USD 89 million and the USD 20 million, the Ninth Defendant's receipt of the USD 50 million, the USD 38 million and the USD 31 million, the Tenth Defendant's receipt of the USD 90 million, with the knowledge that those sums constituted the traceable proceeds of the USD 140 million and the USD 66 million which XiO Fund I LP had transferred that sum in breach of trust and/or fiduciary duty.

Damages, an account of profits, equitable compensation, declarations and ancillary relief as a result of the Defendants' dishonest assistance in the breaches of trust and/or fiduciary duty by XiO Fund I LP and in the ongoing breach of the constructive trust over the property in which the Plaintiff holds an equitable proprietary interest.

Damages, declarations and ancillary relief as a result of the Defendants' conspiracy, by which they intended to injure the Plaintiff by unlawful means, and have combined together to defraud the Plaintiff and to conceal such fraud and the proceeds of such fraud from the Plaintiff.

AND THE PLAINTIFF claims:

(1)     A declaration that the Plaintiff is the beneficial owner and has an equitable proprietary interest in the following property:

THIS WRIT was issued by Maples and Calder, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CDM/PYS/724496.02/58347994)

(i)   the USD 140 million;

(ii)  all or a proportion (and in any event at least USD 31.5 million) of the USD 66 million;

(iii) the USD 89 million;

(iv)  the USD 31 million;

(v)   the USD 50 million;

(vi)  the USD 90 million;

(vii) the USD 38 million;

(viii)        the USD 20 million;

(ix)  any other sums held by the First Defendant or the Twelfth Defendant which constitute any part of the Plaintiff's investment in Project Laguna or its investment in Project Camping;

(x)   the traceable proceeds of (i) to (ix) above, including but not limited to:

> (A) all or a proportion of the Twelfth Defendant's shares in the Eleventh Defendant;

> (B) all or a proportion of the Ninth Defendant's shares in the Eleventh Defendant;

> (C) all or a proportion of the Tenth Defendant's shares in the Eleventh Defendant;

> (D) all or a proportion of the Fifteenth Defendant's shares in the Eleventh Defendant;

> (E) the proceeds of any and all repurchases of the Twelfth Defendant's shares in the Eleventh Defendant;

THIS WRIT was issued by Maples and Calder, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CDM/PYS/724496.02/58347994)

6

(F) the proceeds of any and all repurchases of the Ninth Defendant's shares in the Eleventh Defendant;

(G) the proceeds of any and all repurchases of the Tenth Defendant's shares in the Eleventh Defendant;

(H) any and all dividends or distributions paid to the Twelfth Defendant in respect of the Twelfth Defendant's shares in the Eleventh Defendant and any proceeds thereof;

(I) any and all dividends or distributions paid to the Ninth Defendant in respect of the Ninth Defendant's shares in the Eleventh Defendant and any proceeds thereof; and/or

(J) any and all dividends or distributions paid to the Tenth Defendant in respect of the Tenth Defendant's shares in the Eleventh Defendant and any proceeds thereof;

(xi) any benefits deriving from such investment (including but not limited to the USD 140 million and all or a proportion (and in any event at least USD 31.5 million) of the USD 66 million) or the traceable proceeds thereof, including but not limited to any fees or other entitlements (whether as deal fees or ongoing director, monitoring and other fees or future entitlements by way of carry or otherwise) that have been or are to be paid to or for the benefit of any one or more of the Defendants in connection with the acquisition of JD Power;

(xii) any sums misappropriated by any of the Defendants whether labelled as fees or otherwise which derive the Plaintiff's investment in Project Laguna or its investment in Project Camping;

(2)    A declaration that the the Defendants and each of them hold such property on constructive trust for the Plaintiff, which constructive trust is governed by Cayman Islands law, or are liable to account for all assets now or previously in their possession acquired directly or indirectly with the Plaintiff's assets.

THIS WRIT was issued by Maples and Calder, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CDM/PYS/724496.02/58347994)

7

(3)     An account of profits and/or equitable compensation.

(4)     Damages.

(5)     All other necessary accounts and enquiries, including to enable the Plaintiff to trace and recover the assets referred to in (1) and (2) above.

(6)     Orders for the delivery up or transfer to the Plaintiff of the assets referred to in (1) and (2) above.

(7)     An injunction restraining the Defendants and each of them by themselves their servants or their agents or otherwise from disposing of the assets referred to in (1) and (2) above otherwise than by delivery up or transfer to the Plaintiff.

(8)     Compound interest on any sums due by way of equitable compensation.

(9)     Interest pursuant to section 34 of the Judicature Law (2017 Revision) or on such other basis as the Court may direct.

(10)    Costs.

(11)    Such further or other relief as the Court thinks appropriate.

*Maples and Calder*

Maples and Calder

THIS WRIT was issued by Maples and Calder, attorneys for the Plaintiff, whose address for service is PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. (Ref: CDM/PYS/724496.02/58347994)

8

## DIRECTIONS FOR ACKNOWLEDGMENT OF SERVICE
## OF WRIT OF SUMMONS

1    The accompanying form of Acknowledgment of Service should be completed by an Attorney acting on behalf of the Defendant or by the Defendant if acting in person.

After completion it must be delivered or sent by post to the Law Courts, PO Box 495G, George Town, Grand Cayman, KY1-1106, Cayman Islands.

2    A Defendant who states in his Acknowledgment of Service that he intends to contest the proceedings must also serve a Defence on the Attorney for the Plaintiff (or on the Plaintiff if acting in person).

If a Statement of Claim is indorsed on the Writ (i.e. the words "Statement of Claim" appear on the top of page 2), the Defence must be served within 14 days after the time for acknowledging service of the Writ, unless in the meantime a summons for judgment is served on the Defendant.

If the Statement of Claim is not indorsed on the Writ, the Defence need not be served until 14 days after a Statement of Claim has been served on the Defendant.

If the Defendant fails to serve his Defence within the appropriate time, the Plaintiffs may enter judgment against him without further notice.

3    A Stay of Execution against the Defendant's goods may be applied for where the Defendant is unable to pay the money for which any judgment is entered.  If a Defendant to an action for a debt or liquidated demand (i.e. a fixed sum) who does not intend to contest the proceedings states, in answer to Question 3 in the Acknowledgment of Service, that he intends to apply for a stay, execution will be stayed for 14 days after his Acknowledgment, but he must, within that time, issue a Summons for a stay of execution, supported by an affidavit of his means.  The affidavit should state any offer which the Defendant desires to make for payment of the money by instalments or otherwise.

**See overleaf for Notes for Guidance**

**Notes for Guidance**

4    Each Defendant (if there are more than one) is required to complete an Acknowledgment of Service and return it to the Courts Office.

5    For the purpose of calculating the period of 14 days for acknowledging service, a writ served on the Defendant personally is treated as having been served on the day it was delivered to him.

6    Where the Defendant is sued in a name different from his own, the form must be completed by him with the addition in paragraph 1 of the words "sued as (the name stated on the Writ of Summons)".

7    Where the Defendant is a FIRM and an attorney is not instructed, the form must be completed by a PARTNER by name, with the addition in paragraph 1 of the description "Partner in the firm of (.....................................)" after his name.

8    Where the Defendant is sued as an individual TRADING IN A NAME OTHER THAN HIS OWN, the form must be completed by him with the addition in paragraph 1 of the description "trading as (...........................)" after his name.

9    Where the Defendant is a LIMITED COMPANY the form must be completed by an Attorney or by someone authorised to act on behalf of the Company, but the Company can take no further step in the proceedings without an Attorney acting on its behalf.

10   Where the Defendant is a MINOR or a MENTAL PATIENT, the form must be completed by an Attorney acting for a guardian ad litem.

11   A Defendant acting in person may obtain help in completing the form at the Courts Office.

2

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO: FSD 75 OF 2019 (IKJ)

BETWEEN:

SHANGHAI LI HONG INVESTMENT CENTER (LIMITED PARTNERSHIP)

Plaintiff

AND

| | |
|---|---|
| (1) | XIO CAYMAN LIMITED (a corporation incorporated in Nevis) |
| (2) | CHARM COMPANY LIMITED |
| (3) | RAINBOW COMPANY LIMITED |
| (4) | ATHENE (XIANG) LI |
| (5) | JOSEPH PACINI |
| (6) | MURPHY QIAO |
| (7) | CARSTEN GEYER |
| (8) | XIO FUND I JEFFERSON LIMITED |
| (9) | JEFFERSON GOLD HOLDCO LIMITED |
| (10) | JEFFERSON TOP HOLDCO LIMITED |
| (11) | JEFFERSON CAYMAN HOLDCO LIMITED |
| (12) | XIO PLATINUM LP |
| (13) | XIO PLATINUM GP LIMITED (an exempt company incorporated in the Cayman Islands) |
| (14) | XIO PLATINUM GP LIMITED (a corporation incorporated in Nevis) |
| (15) | XIO SILVER LP |
| (16) | XIO SILVER GP LIMITED |
| (17) | IDEAL HARVEST COMPANY LIMITED |
| (18) | XIO DIAMOND GP LIMITED |

Defendants

| | |
|---|---|
| (19) | JEFFERSON CAYMAN HOLDCO II LIMITED |

Defendant for Disclosure Purposes Only

## ACKNOWLEDGMENT OF SERVICE
## OF WRIT OF SUMMONS

If you intend to instruct an Attorney to act for you, give him this form IMMEDIATELY.

Important. Read the accompanying

directions and notes for guidance carefully before completing this form.    If any information required is omitted or given wrongly, THIS FORM MAY HAVE TO BE RETURNED.

Delay may result in judgment being entered against a Defendant whereby he may have to pay the costs of applying to set it aside.

1.    State the full name of the Defendant by whom or on whose behalf the service of the Writ is being acknowledged.

2.    State whether the Defendant intends to contest the proceedings (tick appropriate box)

☐    yes          ☐    no

3.    If the claim against the Defendant is for a debt or liquidated demand, AND he does not intend to contest the proceedings, state if the Defendant intends to apply for a stay of execution against any judgment entered by the Plaintiff (tick box)

☐yes          ☐    no

Service of the Writ is acknowledged accordingly

(Signed).......................................................
        Attorney for

2

**Notes on address for service**

Attorney: where the Defendant is represented by an attorney, state the attorney's place of business in the Cayman Islands. A Defendant may not act by a foreign attorney.

Defendant in person: where the Defendant is acting in person, he must give his post office box number and the physical address of his residence or, if he does not reside in the Cayman Islands, he must give an address in Grand Cayman where communications for him should be sent. In the case of a limited company, "residence" means its registered or principal office.

Indorsement by plaintiff's Attorney (or by plaintiff if suing in person) of his name, address and reference, if any, in the box below.

Maples and Calder

PO Box 309

Ugland House

Grand Cayman, KY1-1104

Cayman Islands

Ref: CDM/PYS/724496

Indorsement by defendant's Attorney (or by defendant if suing in person) of his name, address and reference, if any, in the box below.

3

# EXHIBIT H

**From:** Amy Wang <AWang@svb.com>
**Sent:** Tuesday, August 20, 2019 10:40 PM
**To:** William Egan <WEgan@kaloadvisors.com>
**Cc:** Nicole Lau <NLau@svb.com>; John Tan <JTan@kaloadvisors.com>; Iain Gow
<IGow@kaloadvisors.com>
**Subject:** RE: XiO Fund I LP – in receivership (the Fund)

Hi William,

We received Legal team's feedback. After review your documents, we need to receive a subpoena from
California court in order to request transaction records. The judgments need to be domesticated in
US. Or the current authorized signers to submit the request to us. Thanks.

Best regards,

<imageoo8.png>

**Amy Wang**王一珅
Relationship Advisor, Supervisor China

直线Direct (8610) 5732 8510
北京市朝阳区建国门外大街1号国贸写字楼1座2315室
Unit 2315, China World Office 1, No.1 Jian Guo Men Wai Avenue, Beijing 100004 PRC

SVB Confidential

**From:** Amy Wang
**Sent:** Wednesday, August 14, 2019 2:36 PM
**To:** William Egan <WEgan@kaloadvisors.com>
**Cc:** Nicole Lau <NLau@svb.com>; John Tan <JTan@kaloadvisors.com>; Client Support China
<clientsupportchina@svb.com>; Client Service West <CAS_Western2@svb.com>; Iain Gow
<IGow@kaloadvisors.com>
**Subject:** RE: XiO Fund I LP – in receivership (the Fund)

Hi William,

We have passed your supporting documents to legal for further review. We will let you know if any
update.

Best regards,

<imageoo8.png>

**Amy Wang**王一珅
Relationship Advisor, Supervisor China

直线Direct (8610) 5732 8510

北京市朝阳区建国门外大街1号国贸写字楼1座2315室

Unit 2315, China World Office 1, No.1 Jian Guo Men Wai Avenue, Beijing 100004 PRC

SVB Confidential

**From:** William Egan [mailto:WEgan@kaloadvisors.com]
**Sent:** Wednesday, August 14, 2019 12:18 AM
**To:** Amy Wang <AWang@svb.com>
**Cc:** Nicole Lau <NLau@svb.com>; John Tan <JTan@kaloadvisors.com>; Client Support China <clientsupportchina@svb.com>; Client Service West <CAS_Western2@svb.com>; Iain Gow <IGow@kaloadvisors.com>
**Subject:** RE: XiO Fund I LP – in receivership (the Fund)

Amy,

### XiO Fund I LP – in receivership (the Fund)

Just following up on the below.

Please advise at your earliest convenience.

Yours faithfully,

For and on behalf of
**XiO Fund I LP – in receivership**

**William Egan**
For Gordon MacRae
Joint and Several Interim Receiver

William Egan
Senior

**Kalo**
Cayman Islands
D +1 (345) 814 4022   M +1 (345) 326 0972
wegan@kaloadvisors.com
www.kaloadvisors.com

**From:** William Egan
**Sent:** Friday, August 09, 2019 8:44 AM
**To:** Amy Wang <AWang@svb.com>
**Cc:** Nicole Lau <NLau@svb.com>; John Tan <JTan@kaloadvisors.com>; Client Support China <clientsupportchina@svb.com>; Client Service West <CAS_Western2@svb.com>; Iain Gow <IGow@kaloadvisors.com>
**Subject:** RE: XiO Fund I LP – in receivership (the Fund)

Amy

**XiO Fund I LP – in receivership** (the **Fund**)

I refer to your 9 July 2019 email response.

You confirmed that the Fund had an account with your bank in the past but that this relationship ended a number of years ago. You also noted that "if any account transaction records is needed, it is recommended that the account signers in SVB records should contact us".

As outlined in our 17 June 2019 letter, Gordon MacRae and Gwynn Hopkins are now the authorised representatives of the Fund. They were appointed the joint interim receivers ("Receivers") by the High Court of the Hong Kong Special Administrative Region (Court of First Instance) on 12 April 2019, which was recognized by the Cayman Islands Grand Court on 7 June 2019. Their appointment has also been recently recognised by the High Court of England and Wales on 1 August 2019. Copies of the said orders are attached again for your reference.

The Receivers are therefore the authorised representatives of the Fund to request for details pertaining to its account(s) held with Silicone Valley Bank. I should therefore be grateful if you could revert to our 17 June 2019 letter as soon as possible including providing a listing of all transactions for the Fund's account(s) for the period of 24 months prior to closure.

Please also confirm the identity of the account(s) signatories per your records.

Yours faithfully
For and on behalf of
**XiO Fund I LP – in receivership**

**William Egan**
For Gordon MacRae
Joint and Several Interim Receiver

William Egan
Senior

**Kalo**
Cayman Islands
D +1 (345) 814 4022   M +1 (345) 326 0972
wegan@kaloadvisors.com
www.kaloadvisors.com

**From:** Amy Wang <AWang@svb.com>
**Sent:** Tuesday, July 09, 2019 2:21 AM
**To:** John Tan <JTan@kaloadvisors.com>; Client Service West <CAS_Western2@svb.com>; Client Support China <clientsupportchina@svb.com>
**Cc:** William Egan <WEgan@kaloadvisors.com>; Nicole Lau <NLau@svb.com>
**Subject:** RE: XiO Fund I LP – in receivership (the Fund)

Hi John,

This is Amy from SVB Beijing Office. The mentioned client XiO Fund I LP has ended their account relationship with SVB a few years ago. If any account transaction records is needed, it is recommended that the account signers in SVB records should contact us. Sorry, we cannot disclose client's transaction info to 3rd party.

Thanks and regards,

**Amy Wang王一珅**

Relationship Advisor, Supervisor China

直线Direct (8610) 5732 8510

北京市朝阳区建国门外大街1号国贸写字楼1座2315室

Unit 2315, China World Office 1, No.1 Jian Guo Men Wai Avenue, Beijing 100004 PRC

SVB Confidential

**From:** John Tan [mailto:JTan@kaloadvisors.com]
**Sent:** Wednesday, July 03, 2019 5:16 AM
**To:** Client Service West <CAS_Western2@svb.com>; Client Support China
<clientsupportchina@svb.com>
**Cc:** William Egan <WEgan@kaloadvisors.com>
**Subject:** RE: XiO Fund I LP – in receivership (the Fund)

Dear Silicone Valley Bank

Can we have a response on this matter please? I have been trying to dial your line at 1800-774-7390 but no one has answered the phone.

John Tan
Assistant Manager

**Kalo**
Cayman Islands
D +1 (345) 814 4017   M +1 (345) 326 3640
jtan@kaloadvisors.com
www.kaloadvisors.com

**From:** John Tan
**Sent:** Wednesday, June 26, 2019 9:02 AM
**To:** Client Service West <CAS_Western2@svb.com>; Client Support China
<clientsupportchina@svb.com>
**Cc:** William Egan <WEgan@kaloadvisors.com>
**Subject:** RE: XiO Fund I LP – in receivership (the Fund)

Dear Silicone Valley Bank

We are still awaiting a response in relation to this matter.

We appreciate if someone could confirm that this is being looked into.

Kind regards

John Tan
Assistant Manager

**Kalo**
Cayman Islands
D +1 (345) 814 4017   M +1 (345) 326 3640
jtan@kaloadvisors.com
www.kaloadvisors.com

**From:** John Tan
**Sent:** Monday, June 24, 2019 9:56 AM
**To:** Client Service West <CAS_Western2@svb.com>; Client Support China <clientsupportchina@svb.com>
**Cc:** William Egan <WEgan@kaloadvisors.com>
**Subject:** RE: XiO Fund I LP – in receivership (the Fund)

Dear Silicone Valley Bank

I am just following up concerning our request below.

Kind regards

John Tan
Assistant Manager

**Kalo**
Cayman Islands
D +1 (345) 814 4017   M +1 (345) 326 3640
jtan@kaloadvisors.com
www.kaloadvisors.com

**From:** John Tan
**Sent:** Thursday, June 20, 2019 9:57 AM
**To:** Client Service West <CAS_Western2@svb.com>; Client Support China <clientsupportchina@svb.com>
**Cc:** William Egan <WEgan@kaloadvisors.com>
**Subject:** RE: XiO Fund I LP – in receivership (the Fund)

Dear Silicone Valley Bank

### XiO Fund I LP – in receivership (the Fund)

We have yet to hear back concerning our request.

Could we have confirmation at least immediately in relation to whether the Fund has any accounts with the bank and if so, the account balances?

Kind regards

John Tan
Assistant Manager

**Kalo**

Cayman Islands
D +1 (345) 814 4017   M +1 (345) 326 3640
jtan@kaloadvisors.com
www.kaloadvisors.com

**From:** Client Service West <CAS_Western2@svb.com>
**Sent:** Tuesday, June 18, 2019 11:47 AM
**To:** Client Support China <clientsupportchina@svb.com>
**Cc:** John Tan <JTan@kaloadvisors.com>; William Egan <WEgan@kaloadvisors.com>; Client Service West <CAS_Western2@svb.com>
**Subject:** RE: XiO Fund I LP – in receivership (the Fund)

Hi William,

I copied your Relationship Advisor team to help with your request.

Hi Team- Please assist client with the email request below.


Best Regards,

**Christine Duenas**
Manager, Operations
cduenas@svb.com
T 650.813.8710

<image009.png>   <image010.png>   <image011.png>   <image012.png>

<image013.png>


SVB Confidential

**From:** William Egan [mailto:WEgan@kaloadvisors.com]
**Sent:** Tuesday, June 18, 2019 9:17 AM
**To:** Client Service West <CAS_Western2@svb.com>
**Cc:** John Tan <JTan@kaloadvisors.com>
**Subject:** XiO Fund I LP – in receivership (the Fund)

Dear Sir / Madam

### XiO Fund I LP – in receivership (the Fund)

Please see our attached letter dated 17 June 2019 for your urgent attention.

Grateful if you could confirm receipt and revert to us as soon as possible.

Regards

**William Egan**
For Gordon MacRae

Joint and Several Receiver

William Egan
Senior

**Kalo**
Cayman Islands
D +1 (345) 814 4022   M +1 (345) 326 0972
wegan@kaloadvisors.com
www.kaloadvisors.com

This electronic message and all contents contain information from Kalo Caribbean and its subsidiaries, Kalo (Cayman) Limited and Kalo (BVI) Limited, which may be confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify the sender and destroy the original message and all copies.

Any employee of Kalo Caribbean or its subsidiaries acting as receiver, liquidator, or other office holder acts as agent of the entity over which he/she is appointed and acts without personal liability.