UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF GWYNN HOPKINS,<br><br>Petitioner. | Case No. 20-mc-80012-SVK<br><br>**ORDER ON EX PARTE APPLICATION FOR DISCOVERY ORDER PURSUANT TO 28 U.S.C. § 1782 IN AID OF FOREIGN PROCEEDING**<br><br>Re: Dkt. No. 1 |

Before the Court is the *ex parte* application of Gwynn Hopkins and Gordon MacRae (collectively, "Petitioners") for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Silicon Valley Bank ("SVB"). Dkt. 1. The proposed subpoena seeks information relating to accounts at SVB belonging to XiO Fund I LP ("XiO Fund"), a Cayman Islands exempted limited partnership of which Petitioners have been appointed interim receivers, and related entities for use in pending litigation in the Cayman Islands against several XiO Fund subsidiaries. *Id.*; Ex. 1 to Dkt. 2 (proposed subpoena). After reviewing the application and relevant law, the Court **GRANTS** Petitioners' application on the conditions and for the reasons discussed below.

**I.  BACKGROUND**

Petitioners provide the following facts concerning their application for discovery. XiO Fund is an exempted limited partnership registered in the Cayman Islands. Dkt. 1 at 2. XiO Fund has a number of subsidiaries, including Charm Company Limited, Rainbow Company Limited, XiO Fund I Jefferson Limited, Jefferson Top Holdco Limited, and Jefferson Gold Holdco Limited (collectively, the "Defendant Subsidiaries"). *Id.* at 2-3. Under several orders by the High Court of the Hong Kong Special Administrative Region, Court of First Instance (the "Hong Kong receivership orders"), Petitioners were appointed as joint and several interim receivers over the entire assets and undertakings of XiO Fund, except for the shares and interests of Goat Caymanco Ltd. and Goat Caymanco II Ltd. *Id.* at 2; *see also* Exs. A-E to Dkt. 3. The Hong Kong

receivership orders require Petitioners to identify and secure assets of the XiO Fund, investigate the affairs of the fund overseas, and to take control of or appoint themselves directors of the Defendant Subsidiaries. Dkt. 1 at 2; Ex. A to Dkt. 3 at ¶¶ 2-3; Ex. B to Dkt. 3 at ¶¶ 2-3.

An investor in XiO Fund filed a writ in the Grand Court of the Cayman Islands asserting claims related to the alleged misappropriation and concealment of funds it invested in two assets within the XiO Fund structure. Ex. G to Dkt. 3. The defendants in the Cayman Islands litigation include the Defendant Subsidiaries. *Id.* On June 7, 2019, Petitioners obtained an order from the Cayman Islands court recognizing the Hong Kong receivership orders. Ex. F to Dkt. 3.

In connection with the claims made in the Cayman Islands litigation, Petitioners are seeking to reconstitute the books and records of XiO Fund and its related entities. Dkt. 3 ¶ 15. As part of this effort, Petitioners discovered that XiO Fund previously held an account with SVB. *Id.* ¶ 12. Petitioners contacted SVB to request information about the XiO account held with the bank, but SVB responded that it required a subpoena from a California court before it would produce the information. *Id.* ¶¶ 13-14 and Ex. H.

## II. LEGAL STANDARD

A district court may order the production of documents or testimony for use in a foreign legal proceeding under 28 U.S.C. § 1782, as long as the disclosure would not violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004). An applicant may invoke the statute where (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." 28 U.S.C. § 1782(a).

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. Several factors guide the Court's decision on a Section 1782(a) request:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;"

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad,

and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"

(3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264–65. The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *Id*. at 247, 261–63.

A district court's discretion is guided by the twin aims of Section 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004).

Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis since "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)) (internal quotation marks omitted). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

3

## III. DISCUSSION

### A. Statutory Requirements

Petitioners' application satisfies the statutory requirements of Section 1782(a). First, the subpoena seeks discovery from SVB, which has its principal place of business in this District. Second, Petitioners request this discovery for pending litigation in the Cayman Islands. Dkt. 1 at ¶ 9. Petitioners explain that the evidence sought is relevant to the foreign proceeding because it will assist them to reconstitute the books and records of XiO Fund and its related entities and may help them understand how the invested funds of the plaintiff in the Cayman Islands litigation were used by the XiO Fund and its related entities. Dkt. 3 at ¶ 15. Third, Petitioners, as court-appointed receivers for five of the XiO Fund subsidiaries that are defendants in the Cayman Islands litigation, are interested persons within the meaning of the statute. *See In re Dickson*, No. 20-mc-51 (RA), 2020 WL 550271, at *1 (S.D.N.Y. Feb. 4, 2020).

### B. *Intel* Factors

Although the Petitioners' application satisfies the statutory requirements, the Court must also determine whether judicial assistance is appropriate by considering the *Intel* factors.

#### 1. Participation of Target in the Foreign Proceeding

The first factor considers whether the person from whom discovery is sought is a party to the foreign proceeding. *Intel*, 542 U.S. at 247. However, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotation marks and citation omitted).

According to the application, SVB not a party in the Cayman Islands litigation. Dkt. 1 at 6; *see also* Ex. G to Dkt. 3. SVB and the account documents Petitioners seek by subpoena are located in the United States, and Petitioners contend that the evidence is thus outside the reach of the Cayman Island court's jurisdiction. *See* Dkt. 1 at 6.

Under these circumstances, the Court finds that there is a need for assistance pursuant to Section 1782, making this factor weigh in favor of permitting discovery.

**2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance**

This factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)). Courts have denied requests for discovery where the foreign tribunal or government expressly states it does not want the assistance of a United States federal court under Section 1782. *See, e.g., Schmitz*, 376 F.3d at 84-85 (affirming denial of Section 1782 request where German government expressly objected to the information sought due to concerns it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte App. Of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where Korean Fair Trade Commission filed an amicus brief stating it had no need or use for requested discovery).

Here, there is no indication that the Cayman Islands court would not be receptive to the information sought from SVB. *See In re Dickson*, 2020 WL 550271, at *2 (finding this discretionary factor satisfied where "Petitioners suggest there is no reason to doubt that the [Cayman Islands] Grand Court would not be receptive to this discovery request" and "the Order appointing the Receivers … explicitly provides the Receivers with authority to commence a legal proceeding in any jurisdiction on behalf of [the entity in receivership]"); *In re Application of Temporary Servs. Ins. Ltd.*, No. 09-MC-48S(Sr), 2009 WL 2843258, at *2 (Aug. 28, 2009) (finding this factor satisfied because "[i]t is difficult to perceive any reason why the Cayman Islands would not welcome this Court's assistance in discerning" the information sought). In fact, the Hong Kong receivership orders recognized by the Cayman Islands court authorize Petitioners "to ascertain and conduct investigations into the affairs of [XiO Fund], including without

5

prejudice to the generality of the foregoing, the power to see, review, secure, take possession of any copy all books, records, and documents belonging to [XiO Fund], or relating to its accounts and audit of such accounts, wheresoever located, including those in the possession, custody of control of its accountants, auditors and other advisors or agents, or any other persons whether in Hong Kong or overseas or located on any remote computer servers." Ex. A to Dkt. 3 at ¶ 3(e); Ex. B to Dkt. 3 at ¶ 3(e).

In the absence of evidence that the Cayman Islands court would object to Petitioners' discovery of the information sought in the subpoena, or that Cayman Islands courts object more generally to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

This Court must next consider whether Petitioners' request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (citation omitted). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

In the absence of contrary information regarding the procedures acceptable to a Cayman Islands court for obtaining the bank account information sought here, the Court concludes that this factor also weighs in favor of discovery.

### 4. Unduly Burdensome or Intrusive Discovery: The Goat Entities

Under the final factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

Petitioners' proposed subpoena to SVB seeks two categories of documents:

1. Documents sufficient to show the details of all transaction involving any account with SVB belonging to the XiO Fund or any of the XiO Fund Subsidiaries occurring between August 1, 2014 and January 1, 2020, including for each transaction: the type, the date and time, the amount, the originating account, the destination account, any supporting documents in relation to the transaction, and the account signatory (or signatories) who effected the transaction.

2. Documents sufficient to show the date when any account at SVB belonging to the XiO Fund or any of the XiO Fund Subsidiaries between August 1, 2014 and January 1, 2020 was opened and, if applicable, was closed.

Ex. 1 to Dkt. 1. "XiO Fund" is defined in the proposed subpoena as "XIO Fund I LP." *Id.* at Definition 2. "XiO Fund Subsidiaries" is defined as follows:

> The term "XiO Fund Subsidiaries" means any subsidiary of the XiO Fund, including but not limited to: Charm Company Limited, Rainbow Company Limited, Laguna Netherlands Coöperatief U.A., Laguna Netherlands Parent P.V., Laguna Netherlands B.V., Laguna HoldCo Limited, Lumenis Limited, Goat Caymanco Limited, Goat Caymanco II Limited, Goat Netherlands Coöperatief U.A., Goat Netherlands B.V., XiO Fund I Jefferson Limited, Jefferson Top Holdco Limited, Jefferson Gold Holdco Limited, Lumenis Holdings Inc., and Lumenis Inc.

*Id.* at Definition 3.

The definition of "XiO Fund Subsidiaries" is overly broad. The April 12, 2019 Hong Kong receivership orders, which have been recognized by the Cayman Islands Court, appoint Petitioners as interim receivers "over the entire assets and undertakings of the 1st Defendant, XiO Fund I LP, except the shares and interests in Goat Caymanco Ltd., Goat Caymanco II Ltd." Ex. A to Dkt. 3 at ¶ 1; Ex. B to Dkt. 3 at ¶ 1. The declaration of Gordon MacRae submitted in support of Petitioners' Section 1782 application contains a footnote stating that "[t]he exclusion from the interim receivership of the shares and interests in Goat Caymanco Ltd. and Goat Caymanco II Ltd has subsequently been qualified by the Hong Kong Court." Dkt. 3 at ¶ 4 n.1; *see also* Dkt. 1 at 2 n.2 (stating that exception for Goat Caymanco Ltd. and Goat Caymanco II Ltd. was "subsequently varied by the Enabling Order."). The meaning of these footnotes is unclear, and Petitioners have not explained how the Enabling Order or other orders "qualified" or "varied" the exclusion of Goat subsidiaries in the original Hong Kong receivership orders. In addition, the relationship between the Goat entities expressly excluded in the Hong Kong receivership orders and the other

Goat entities included in the definition of "XiO Fund Subsidiaries" in the proposed subpoena is unclear. As such, it is not clear from the record presented by Petitioners that they have a right to documents concerning accounts belonging to any of the Goat subsidiaries.

Accordingly, the Court finds that the proposed subpoena is overly broad insofar as it includes the Goat entities in the definition of "XiO Fund Subsidiaries." Subject to the requirements discussed below, the Court authorizes Petitioners to serve a subpoena on SVB that <u>excludes</u> the following entities from the definition of "XiO Fund Subsidiaries": Goat Caymanco Limited, Goat Caymanco II Limited, Goat Netherlands Coöperatief U.A., and Goat Netherlands B.V.

## IV. CONCLUSION

The statutory criteria and the *Intel* factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of the subpoena proposed by Petitioners, <u>as modified</u> by the Court.

Accordingly, the Court authorizes service of a modified subpoena on SVB that incorporates the changes noted above. This order does not foreclose a motion to quash or further modify the subpoena by SVB following service or by any SVB account holder whose information is sought, and the Court orders Petitioners to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. At the time of service of the subpoena, Petitioners must also serve a copy of this order on SVB.
2. Within 10 calendar days of service of the subpoena and this order, SVB shall notify each of the owners of the accounts at issue that account information is sought by Petitioners and shall serve a copy of this order on each such account owner.
3. SVB and/or each account owner whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).
4. If any party contests the subpoena, SVB shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest.

5. Any information Petitioners obtain pursuant to the subpoena may be used only for purposes of the pending Cayman Islands litigation, and Petitioners may not release such information or use it for any other purpose, absent an order from this Court authorizing such release or use.

**SO ORDERED.**

Dated: February 13, 2020

_____
SUSAN VAN KEULEN
United States Magistrate Judge